EWING v. CLARK, *Appellant.*

1. **Promissory Note:** NOT DESTROYED BY COLLATERAL AGREEMENT. A writing which has every element of a promissory note does not lose its character as such, by reason of a collateral agreement appended to it not inconsistent with the contract in the note.

2. ———: BURDEN OF PROOF. The holder of a note has a right to sue on it, and the burden is on the defendant to show a want of consideration.

3. ———: CONTEMPORANEOUS AGREEMENT INADMISSIBLE. The note being an unconditional promise to pay a certain sum of money, it is incompetent for the defendant to show a prior or contemporary agreement that if he would execute the note and make a part payment on it at the same time, he should incur no further liability on the note.

4. **One who Signs a Note** after its execution makes himself absolutely liable to pay the amount to an innocent holder.*

---

*These syllabi are taken from 8 Mo. App. 570.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

This action was brought on the following instrument:
"St. Louis, July 25th, 1873.

Twelve months after date I promise to pay C. C. Rainwater, administrator of estate of Henry Ewing, deceased, or order, for value received, $11,757.74, negotiable and payable without defalcation or discount, and with interest from date at the rate of eight per cent per annum, at the office of the Clerks' Savings Bank, and if interest be not paid annually, the same shall become principal and bear same rate of interest; I have deposited with him as collateral security 133 shares of the capital stock of the "Times" Company of St. Louis; and in case this note shall not be paid when due, I hereby give said C. C. Rainwater authority as my agent, to sell said collateral or any part thereof for cash, on my account, at the maturity of this note, or at any time thereafter, at public or private sale, at his discretion, without advertising the same, or giving any notice, and to apply the proceeds of said collateral to the payment of this note and any interest due thereon; also the cost and expenses of executing this trust.

GEORGE B. CLARK,

CHARLES A. MANTZ,

RICHARD A. BARRETT.'

"Indorsed: For collection and credit, Mrs. Emma B. Ewing, Administratrix Henry Ewing, deceased, C. C. Rainwater, Administrator estate H. Ewing, deceased."

The appellant, Barrett, answered denying the execution of the note on the day stated, averring that the indorsement was made after its execution, and denying that he received any consideration therefor, and continuing as follows: "And for further answer defendant says that after or about maturity of said note, at solicitation of

plaintiff, her attorney and agent, F. C. Sharp and others, in behalf of plaintiff, and with her knowledge and direction, defendant was induced by representations of plaintiff, said Sharp and others, that if he would execute said note and advance the sum of $5,000, he should not be held liable for any other or further amount of said note; that under such assurance and guarantee he did then execute the note, and did advance the sum aforesaid, on the further promise, assurance and guarantee, by plaintiff and her agents, that he should be entitled to have and to hold in consideration therefor, stock in the "Times Company of St. Louis," an incorporated company, sufficient to indemnify him against risk or loss for said execution of the note and advancement as aforesaid, all of which promises, assurances and guarantees on part of plaintiff and her said agents proved an entire failure, and although relied on in good faith by defendant, the consideration thus relied on was not received by defendant or any part thereof."

The court refused the following instructions, asked by appellant:

1. If the jury believe from the evidence that the obligation in controversy had matured before defendant Barrett signed it, and that he paid $5,000 at the time with the understanding that he should be re-imbursed by the stock of the Times Company against any risk, and that he should not be called upon for any further payment of the note, then their verdict should be for the defendant Barrett.

2. If the jury believe from the testimony that defendant Barrett executed the note after maturity, then, as between himself and plaintiff, he is entitled to set up failure or partial failure of the consideration for which he executed the same, and if you further believe that the consideration failed wholly or in part, then your verdict should be for defendant for the amount you may find such failure to be.

The jury found for the plaintiff in the sum of $10,-

315.06. The defendant appealed to the St. Louis court of appeals, where the judgment below was affirmed.

*Thomas S. Espy* for appellant.

*Noble & Orrick* for respondent.

HENRY, J.—The opinion delivered by the court of appeals in determining this cause, when before it, satisfactorily disposes of all the questions presented by the record before us, which it is necessary to pass upon, and we affirm its judgment. All concur.