### EDGAR G. SECKLER v. CLARENCE K. FOX.

*Breach of covenant of seizin—Parol agreements.*

Written agreements, however explainable, cannot be absolutely contradicted by parol.

A covenant of seizin is not broken by the existence of a subsequent written contract from a former owner for the conveyance of the legal estate to another person than the grantee; and it cannot be shown, in support of such a contract that it was made in pursuance of a previous oral agreement with the grantor to provide in this way for such person.

Error to Gratiot. (Hart, J.) June 7.—June 20.

Assumpsit. Defendant brings error. Reversed.

*H. & H. E. Walbridge* for appellant.

*Scott & Gates* and *James K. Wright* for appellee.

CAMPBELL, J. Plaintiff sued for the breach of a covenant of seizin in fee, and recovered damages for the entire value of the land. It appeared from the record that the breach assigned was that one Ann Fox was in peaceable possession as lawfully entitled to hold the land as equitable owner, and entitled to the legal estate.

The proof was that Ann Fox was in possession under a written contract from her husband, Hiero Fox, whereby said Hiero covenanted to convey to her a life estate of the use and occupancy, with reversion to their infant son in fee. Defendant then held the title, and not Hiero. But defendant had given him a power of attorney authorizing him to sell and convey the land to any one, with, however, the usual clauses as to accounting for the proceeds.

Plaintiff claimed, and the court below held, that it was competent to show that while Hiero acted and covenanted in his own name, and no reference was made to Clarence, yet the contract might be shown to have been made under a former parol contract whereby Clarence took the title for the very purpose of accomplishing some such object as this contract contemplated, which was a provision for Ann Fox in prospect of a separation. It was allowed to be shown that Clarence bought the land and mortgaged it back instead of Hiero, because their differences would make a joint mortgage impracticable. It is sufficient to say as to this, that, even if Hiero had furnished the whole purchase money, and had procured the title to be taken in the name of Clarence, our statute would have prevented any trust from arising in his favor, in the absence of a writing. But where Clarence, the grantee, became personally bound on the purchase money, the difficulty would have been still more conclusive. It has been uniformly held under our statute that a parol agreement could not be of any avail to help out such a trust, for any purpose, and in the present case it is not claimed there was any resulting trust. It is placed on the actual agreement, which, if ever made—(and the rec-

ord does not go very far towards showing this very clearly,)
—was a nullity.

The reason, however, for allowing this showing, seems to
have been some idea that it had a further tendency to show
that the agreement made between Hiero and Ann Fox was
meant to cover this equity.    This, again, is inadmissible for
the same reasons.    But the real question in the present case
is only whether the contract with Ann Fox is a valid con-
tract to bind defendant.    If it is not his contract it gave
her no such claim on the land as could at all violate the
covenant of seizin.

It is not important to consider the question discussed on
the argument, whether it can be shown by parol that the
agreement executed in Hiero's own name, was in fact exe-
cuted as agent under the power of attorney, and not as
principal.    We find no such parol evidence.    But if there
had been, it is certainly impossible to admit that a written
document, however explainable, can be absolutely contra-
dicted by parol.    In this case it is not merely the agreement
to convey this particular land that is involved.    The writing
explains fully its purpose, which is entirely in the interest
of Ann and Hiero.    It provides for their separation rights
and the interests of their son.    It is expressed to be in con-
sideration of their mutual benefit and profit.    It contains a
covenant for paying up an existing mortgage, which agree-
ment Clarence never authorized to be made against himself.
It contains a personal covenant to furnish lumber and build-
ing materials, and reserves a right to substitute another
homestead for the land in question.    Ann agrees to occupy
the premises and take care of the child, and relinquish all
other property claims to Hiero, and to release her claim for
support, and make him no further trouble, saving a right to
sue for divorce.

This is the contract of Clarence or Hiero alone.    It can-
not be partly one and partly the other.    And we think it
can only be regarded as Hiero's contract.    If so, the title
was not affected, and there was no such breach of covenant
as is sued on.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.