O. B. HARWOOD, ADMINISTRATOR, ETC., Defendant in Error, v. BAXTER BROWN ET AL., Plaintiffs in Error.

Kansas City Court of Appeals, June 28, 1886.

PRACTICE—EVIDENCE—FAILURE OF CONSIDERATION—CASE ADJUDGED. Although the rule is established that oral testimony is inadmissible to vary or contradict the terms of a written instrument, so that a note, which, in its terms, is an *absolute* and unconditional promise to pay the sum of money therein specified, cannot be varied by evidence of a prior or contemporaneous oral agreement that the note, in a certain *contingency*, was not to be paid; *still*, it is not inconsistent with this rule to show by oral evidence a *want of, failure*, or fraud in the *consideration* of such a note. *Held*, that, according to the allegations of the answer, in this case, there was no consideration, whatever, for the giving of the notes sued on, except the agreement set up in the answer; and if the averments are true the notes in the hands of the payee were without consideration, and are also without consideration in the hands of his administrator. That the answer contained a good defence, a total want and failure of consideration.

ERROR to Cass Circuit Court, HON. NOAH M. GIVAN, Judge.

*Reversed and remanded.*

Statement of case by the court.

This was an action upon two promissory notes made by the defendants and payable to R. B. Harwood, the plaintiff's intestate. .

The petition was in two counts. The answer to both counts was the same. After admitting the execution of the note and the administratorship of the plaintiff, the answer to the first count of the petition was as follows :·

"Defendants admit that the sum of money, with all interest thereon, as expressed to be due and owing by said instrument, is unpaid, and that they, and each of

them, have refused, and still refuse, to pay the same, or any part thereof, though often demanded of them.

"Defendants say that plaintiff ought not to further have or maintain his said action against these defendants, or either of them, on said instrument, for they say that heretofore, to-wit: on the first day of August, 1877, this said defendant Baxter Brown and one Thomas P. Paxton were co-partners, doing business at the city of Warrensburg, state of Missouri, under the name of Paxton & Brown, and that, on said day, they, as such co-partners, and under their firm name and style, the said defendant James S. Brown joining with them as surety, made, executed, and delivered to said deceased, R. B. Harwood, their promissory note, in the following words and figures, to-wit:

" ' $700.00.

" ' Twelve months after date, for value received, we promise to pay R. B. Harwood, or order, the sum of seven hundred dollars, with interest from date at the rate of ten per cent., interest payable every six months.

" ' This August 1st, 1877.

" ' PAXTON & Brown,
" ' JAMES S. BROWN.'

"That afterwards, said R. B. Harwood, the payee in said note, endorsed and delivered same to one O. L. Houts, by the following writing thereon:

' " I hereby endorse the within note to O. L. Houts, waiving demand, protest, and notice.

" R. B. HARWOOD.'

"That afterwards, on the twenty-third day of March, 1878, the said Paxton & Brown, being the owners of a certain stock of goods, wares and merchandise, sold, assigned and transferred the same to one S. G. Jackson, trustee, by their deed of that date, duly executed, acknowledged and delivered, in trust, however, and for the purpose of securing, among other purposes, the said

deceased, · R. B. Harwood, as endorser, and the said James S. Brown, as security on said note heretofore set out. That, afterwards, the said Paxton & Brown made default in said deed of trust. According to its terms and conditions, the said S. G. Jackson, as trustee, at the request of the said R. B. Harwood and said Jas. S. Brown, took possession of said stock of merchandise and proceeded to execute said trust by selling and disposing of same for cash, and did, thereafter, out of the proceeds of said sales, on the ninth day of April, 1878,. pay on said note the sum of sixty dollars; and on the twentieth day of May, 1878, the sum of three dollars and seventy-five cents on said note, all of which said payments were duly endorsed on said note.

"That afterwards, on the seventeenth day of August, 1878, the said Paxton & Brown were, on petition of certain of their creditors to the United States district court, within and for the Western district of Missouri, adjudged involuntary bankrupts, under the laws of the United States, and that said bankrupt proceedings are still pending and undetermined in said court.

"That afterwards, to-wit: On the twenty-third day of September, 1878, these defendants, upon the representation to them made by said R. B. Harwood, deceased, that the said O. L. Houts had refused to make proof of said note against said Paxton & Brown bankrupt estate in said Federal court, and upon the further representation of said Harwood that an arrangement had been effected with said Houts, the endorsee of said note, by which, upon the execution of the note in controversy, and another note, being the same note mentioned and described in the second count in plaintiff's petition, the said Houts would deliver up to said Harwood the said note for the sum of seven hundred dollars, of date of August 1, 1877, on delivering to him (Houts) said notes mentioned in the first and second counts in plaintiff's petition, and that, unless this should be done, the said Harwood would lose all benefit of said estate.

"That thereupon said Harwood and these defendants entered into an agreement with said Harwood, by and through his agent and attorney in said matter, said O. L. Houts, whereby it was agreed that the notes mentioned and described in plaintiff's petition should be executed and delivered to said Harwood, and should, by said Harwood, be endorsed to said Houts, and that thereupon the said Houts should deliver said note for the sum of seven hundred dollars, of date August 1, 1877, to said Harwood to enable said Harwood to make proof of same in said bankrupt court, with his lien against the stock of merchandise conveyed by said chattel deed of trust, and that after said Harwood should have made proof of said seven hundred dollar note, the notes in controversy should be taken up and re-delivered to defendants, and were to be thereafter of no binding force or effect whatsoever. Defendants say that, relying upon these representations, and with the sole desire and purpose of aiding said Harwood in accomplishing his desire of proving said note and lien against the bankrupt estate of said Paxton & Brown, and upon no other or further consideration, purpose or object, they executed the notes in controversy. Defendants state that upon the execution of the notes in controversy, the said O. L. Houts delivered said note of seven hundred dollars, of date August 1, 1877, to said R. B. Harwood, and that, afterwards, said Harwood, on the thirty-first day of October, 1878, made proof of said note before Charles E. Hess, one of the registers in bankruptcy of said district court, against the bankrupt estate of Paxton & Brown, and of his lien by virtue of said chattel mortgage, in the sum of $663.30, with interest from May 30, 1878, at ten per cent., as endorser thereof.

"That afterwards, on May 15, 1880, the said United States district court vacated said allowance with the lien and allowed said note in the sum of $671.20, including all accrued interest to that time, without such lien.

"That afterwards, to-wit: On the second day of June, 1880, the said R. B. Harwood received from said bank-

rupt estate a dividend of four per cent. on the claim so allowed, amounting to the sum of $26.85.

"That afterwards, on the twenty-seventh day of July, 1880, the said R. B. Harwood received another and further dividend on said allowance from the said bankrupt estate of four and one-half per cent. of the amount thereof, to-wit: the sum of $27.10. Wherefore defendants say that the said note of August 1, 1877, is still in full force and effect, and that the said note mentioned in the first count of plaintiff's petition is without consideration, null and void, and that the plaintiffs, by reason of the premises, are estopped to assert the same against these defendants.

"Wherefore, having fully answered, defendants ask to be discharged, with their costs, as to matters set out in the first count of plaintiff's petition."

Plaintiff's reply denied the agreement set out in the answer; charged that the notes in suit were given in satisfaction and renewal of the said seven hundred dollar note made tender of, and offered to surrender that note to defendants.

Defendants offered the deposition of James S. Brown in evidence, which was excluded by the court, on the objections of the plaintiff.

The bill of exceptions shows that "defendants next offered to prove all the allegations of their said answer by the following witnesses, who were present in court, to-wit: Baxter Brown, Rufus G. Brown, defendants herein, and one O. L. Houts, and that the transaction and matters set up in the answer were had and conducted between said Houts, on behalf of deceased and defendants; that said Harwood was not present."

Plaintiff objected to any evidence to sustain the defence of a want of consideration as pleaded in said answer, which objection the court sustained; to which defendants at the time excepted.

The plaintiff offered no testimony, and at his instance the court instructed the jury as follows:

"1.   The court instructs the jury that they will find for plaintiff on the first count in the petition, in the amount of the face of the note therein described, with interest thereon according to the terms thereof, less the following credits, to-wit: June 2, 1880, $26.85; July 27, 1880, $27.10."

"2.   The court instructs the jury that they will find for plaintiff on the second count in the petition in the amount of the face of said note, with interest thereon up to this date, according to the terms thereof."

The jury thereupon returned verdicts for plaintiff on first count in the sum of $450.00, and on the second in the sum of $769.85, and the court rendered judgment accordingly.

SAMUEL P. SPARKS, for plaintiff in error.

I.   The original note, which formed the consideration for the new notes, never having been surrendered, the latter were without consideration.   *Meyers v. Van Wagoner*, 56 Mo. 15.

II.   It was competent for defendant to show that the new notes were given, not as evidencing any indebtedness, but for the purpose of enabling Harwood to prove up the original note *in bankruptcy*, and the court erred in excluding this testimony.   *Merrick v. Boury*, 4 Ohio St. 60; 2 Daniel on Neg. Inst., sect. 1268.   There was, also, proof of payment on the original note, which was not allowed to go to the jury.

III.   Plaintiff's only remedy as endorser on the original note was *upon that note*.   *Fenn v. Dudgale*, 31 Mo. 580; s. c., 40 Mo. 64.

O. L. HOUTS, for the defendant in error.

I.   The answer sets up an agreement which contradicts the terms of the notes, and constitutes no defence to an action on them.   *Foster v. Clifford*, 44 Wis. 569; *Jones v. Shaw*, 67 Mo. 667; *Rodney v. Wilson*, 67 Mo. 123; *Henshaw v. Dutton*, 59 Mo. 139; *Gardner v.*

*Matthews*, 81 Mo. 627; *Davis v. Randall*, 115 Mass. 504.

II. The evidence of payment on the original note was properly excluded, because no such issue was presented by the pleadings.

III. The notes sued on are founded upon a valid and subsisting consideration—an unpaid original indebtedness—and it can make no difference whether they were given in extinguishment of it, or as payment *sub modo*, or as a collateral security, and plaintiff had a right to sue on them.

HALL, J.—The well established rule is that oral testimony is inadmissible to vary or contradict the terms of a written instrument. In accordance with this rule, a note, which in its terms is an absolute and unconditional promise to pay the sum of money therein specified, cannot be varied by evidence of a prior or contemporaneous oral agreement that the note, in a certain contingency, was not to be paid. *Smith's Adm'rs v. Thomas*, 29 Mo. 310, 311; *Henshaw v. Dutton*, 59 Mo. 139; *Jones v. Shaw*, 67 Mo. 667; *Ewing v. Clark*, 76 Mo. 545; *Gardner v. Matthews*, 81 Mo. 627.

But it is not inconsistent with this rule to show by oral evidence a want, failure or fraud in the consideration of such a note. *Smith's Adm'rs v. Thomas*, *supra*.

According to the allegations of the answer, the original note was not owned by the deceased, R. B. Harwood, at the time of the execution of the notes in suit, he having assigned it to O. L. Houts. Had R. B. Harwood still owned the original note at the time of the execution of the notes in suit, the time of the payment of the original note would have been extended as a consequence of the execution of the notes in suit until the latter should have become due, and the said extension of time would have been a sufficient consideration to support the new notes; and the terms of the new notes

could not have been varied by proof of the oral agreement.

But if R. B. Harwood did not own the original note at the time of the execution of the notes in suit, the execution of the latter notes would have had no bearing, whatever, upon the original note, except by reason of some agreement between the parties. If the allegations of the answer are true, there was no consideration whatever for the giving of the notes in suit except the agreement set out in the answer. And in that case R. B. Harwood's representative cannot recover on said notes. In other words, if R. B. Harwood gave no other consideration for the notes than the making of the agreement alleged in the answer, the notes in his hands were without consideration, and are, also, without consideration in the hands of his administrator.

The answer contained a good defence, a total want and failure of consideration. The court erred in not permitting the defendants to prove said defence.

The judgment is reversed and the cause remanded. All concur.