JESSE H. FARWELL AND MOSES W. FIELD v. EVI J. ENSIGN AND AME P. T. BENITEAU, IMPLEADED WITH THE EXCELSIOR ELECTRIC COMPANY OF MICHIGAN.

*Bills and notes—Parol evidence— Accommodation indorsers—Contribution.*

1. It is a *general* rule, to which there are several well-recognized exceptions, that extrinsic evidence is not admissible to contradict or vary the legal effect of a negotiable promissory note.

2. Where there are several indorsers of a bill or note, the legal effect of their successive indorsements is to make them liable to each other in the order of *time* in which they sign their names; but this *legal* effect may be rebutted by parol proof that all the indorsers were *accommodation* indorsers, and, by agreement among themselves, co-sureties.

Error to superior court of Detroit. (Chipman, J.) Argued June 10, 1887. Decided July 7, 1887.

Assumpsit. Plaintiffs bring error. Affirmed. The facts are stated in the opinion.

*Moore & Canfield,* for appellants.

*William J. Gray,* for defendants.

CHAMPLIN, J. This case comes before us upon a written finding of facts and conclusions of law made by the judge of the superior court, and bill of exceptions.

The findings of fact and of law are as follows:

"1. The defendant the Excelsior Electric Company is a corporation organized under the laws of the State of Michigan, and in October, 1883, its capital stock was divided into 4,000 shares, of which 1,000 shares were owned by plaintiff Farwell, 1,600 shares by plaintiff Field, 400 shares by one Van Vliet, 400 shares each by defendants Beniteau and

Ensign, and 200 shares by various parties. Said Van Vliet sold his interest in January, 1884; and said Farwell on or about February 15, 1884, sold all his stock and interest in said company to said Beniteau; otherwise the holdings of stock were substantially the same on May 21, 1884.

"2. On October 23, 1883, said company executed a note in the following form:

"'$1,200.                                    October 23, 1883.

"'Sixty days after date we promise to pay to the order of Moses W. Field, Treas., twelve hundred dollars, at the Mechanics' Bank of Detroit, value received, with interest after date.

"'EXCELSIOR ELECTRIC CO.

"'By Moses W. Field, Treas.'

"This note was, at the same time, indorsed by Field, treasurer, and then, for the accommodation of the company, in order by said Beniteau, Ensign, Van Vliet, Field, and Farwell, and was discounted by the company, and the proceeds credited to the company's account at the bank.

"3. On December 15, 1884, the company executed a similar note for eight hundred dollars, which at the same time was indorsed for the accommodation of the company by the same persons, in the same order. This note was similarly discounted, and its proceeds credited to the company's account.

"4. At the time when said two notes were so executed and indorsed, said Beniteau, Ensign, Field, Farwell, and Van Vliet orally agreed that they should, as between themselves, be jointly liable each for one-fifth of said notes; but there was no written memorandum or agreement to that effect signed by the parties. There was no consideration received by any of said parties for their indorsement, but the indorsements were purely for the accommodation of the company.

"5. Said $1,200 note was renewed December 24, 1883, and the renewal was indorsed in the same manner and order as the original note, which was then taken up, and the renewal note substituted.

"6. Said $1,200 renewal note and said $800 note were renewed by a consolidated note for $2,000, dated February 18, 1884, which consolidated note was indorsed in the same manner and order as the original notes, excepting that said Van Vliet did not indorse; and said $800 note and said $1,200 renewal note were then taken up, and the consolidated note substituted.

"7. Said $2,000 note was renewed May 21, 1884, by note in suit, a copy of which is as follows:

" ' $2,000.                          DETROIT, May 21, 1884.

" ' Three months after date we promise to pay to the order of Moses W. Field, Treas., two thousand dollars, at the Mechanics' Bank of Detroit, value received, with interest after due.

" ' THE EXCELSIOR ELECTRIC CO. OF MICHIGAN.

" ' By A. P. T. Beniteau, President.

" ' E. J. ENSIGN, Secretary"

" This note was indorsed as follows: ' E. J. Ensign, A. P. T. Beniteau, M. W. Field, Treasurer, M. W. Field, J. H Farwell.'

" And thereupon the $2,000 note of February 18, 1884, was taken up, and the renewal note (the one in suit) substituted.

" 8. There is no oral agreement, after the indorsement of the first two notes, that the liability of the accommodation indorsers should be joint and not successive; but the court finds that upon the indorsement of all the said notes, including the one in suit, there was the same understanding among all of the parties, namely, that the accommodation indorsers should be joint, and not successive, indorsers.

" 9. All of the said notes were negotiated at the bank by the treasurer of the company, and none of them were actually transferred to any of the said accommodation indorsers.

" 10. The note in suit, after maturity, was taken up at the bank by the plaintiffs, who paid to the bank the full amount thereof.

" The court finds, as conclusions of law:.

" a. That the defendant company is liable for the full amount of the note in suit.

" b. That the defendants Beniteau and Ensign are each liable for one-quarter of the amount of said note in suit, and the judgment will be entered accordingly.

" J. LOGAN CHIPMAN, Judge."

Exceptions were taken to the findings of fact upon the ground that there was no evidence to support the findings of the judge, and that there was no law to support the judgment.

The bill of exceptions contains all the testimony given upon the trial, and such testimony fully supports the facts found.

The only question of importance is whether parol testimony was admissible on the part of defendants to show that all of

the indorsers were accommodation indorsers, and that they were simultaneously made for the benefit of the corporation under an agreement or understanding that each should be liable only for his *pro rata* share. If it was competent to show such agreement with reference to the indorsement of the first note, and the note in suit being the result of renewals of the original note indorsed in the same manner, the judge of the superior court was authorized to draw the inference that such agreement attached to each renewal without any new arrangement.

Plaintiffs seek to hold the defendants Beniteau and Ensign as jointly liable with the maker as first indorsers of the note in suit. They call attention to the fact that upon the face of the paper the defendants cannot be held as joint indorsers with them, for the reason that the note is payable to the order of Moses W. Field, treasurer, and both Ensign and Beniteau indorsed before the payee, and therefore, under the decisions of this Court in the cases of *Wetherwax v. Paine,* 2 Mich. 555; *Rothschild v. Grix,* 31 Id. 150; and *Sibley v. Muskegon Nat. Bank,* 41 Id. 196, they are liable as joint makers, and not as indorsers.

None of these parties stand in the relation of entire strangers to the note. They were stockholders in the corporation for whose benefit the original notes were discounted, and presumably received some benefit from the transaction. They were, however, distinct persons, and in a legal sense accommodation indorsers of the original notes.

The law is well settled that extrinsic evidence is not admissible to contradict or vary the legal effect of a negotiable promissory note. *Abrey v. Crux,* L. R. 5 C. P. 37; *Kelly v. Burroughs,* 102 N. Y. 93 (6 N. E. Rep. 109); *McGurk v. Huggett,* 56 Mich 187; but to this general rule there exist several well-recognized exceptions.

As between the immediate parties, parol evidence is admissible to impeach the consideration, to show fraud or illegality

in its inception, or that it was delivered conditionally, or for a specified purpose only; and it has been held that if, by mistake, one party indorses before another, such mistake may be shown to relieve him from his apparent liability (*Cahal v. Frierson*, 3 Humph. 411; *Slack v. Kirk*, 67 Penn. St. 380); and it was held in *Hubbard v. Matthews*, 54 N. Y. 43, that, if the agreement be that one party shall be a prior indorser to another, effect will be given to the contract, notwithstanding the party setting up such agreement may have indorsed first in position and point of time; that it is the intent of the parties which is to be carried out by the courts.

But I think it was competent for the original parties to the note, before the same was delivered or became effective, to show by parol the facts and circumstances of its execution, and the true relation in which the respective parties stood to each other.

The rule is well stated in 1 Edw. Bills. p. 283, § 399, as follows:

"Where there are several indorsers of a bill or note, the legal effect of their successive indorsements is to make them liable to each other in the order of time in which they sign their names. This proceeds upon the theory that the paper is transferred from the one to the others by endorsement, and thereby a several and not a joint liability is created. They are not co-sureties, and hence contribution between them cannot be enforced. [See cases cited in support of the text.] But this legal effect may be rebutted by parol proof that all the indorsers were accommodation indorsers, and were, by agreement as between themselves, co-sureties;" citing *Easterly v. Barber*, 66 N. Y. 433; *McCune v. Belt*, 45 Mo. 174; *Stillwell v. How.* 46 Id. 589; *Phillips v. Preston*, 5 How. 278; *Barry v. Ransom*, 12 N. Y. 462. To these may be added *Good v. Martin*, 95 U. S. 90; *Denton v. Peters*, L. R. 5 Q. B. 475; *Jackson v. Leek*, 12 Wend. 105; *Rey v. Simpson*, 22 How. 341; *Sylvester v. Downer*, 20 Vt. 355; *Quin v. Sterne*, 26 Ga. 224; *Chaddock v. Vanness*, 35 N. J. Law, 517.

In order to place the court in the same situation as the parties at the time the contract was made, and affording it

the advantages for construing the contract that the parties had, it is competent to admit evidence of the facts and circumstances attending the transaction; and hence the testimony showing the inception of the note, for whose accommodation it was made, the relation it was agreed the several accommodation indorsers should bear to each other, and that all indorsed simultaneously before the note was negotiated, and that the note in suit was a renewal of the previous notes, was admissible in evidence between the parties who originated it. The effect of the testimony was to show that these parties were all co-sureties for the corporation maker, and are liable to contribution as such.

The point is not raised by defendants whether the action, having been begun against them as joint makers or prior indorsers upon the note, can be turned into one for contribution, at the suit of two of the sureties against two others. Had it been raised, it would have presented quite serious difficulties against a recovery. *Parker v. Ellis*, 2 Sandf. (N. Y.) 223; *Craythorne v. Swinburne*, 14 Ves. 160, 164; *Cowell v. Edwards*, 2 Bos. & P. 268; Shaw, C. J., in *Chaffee v. Jones*, 19 Pick. 264; *Kelby v. Steel*, 5 Esp. 194.

The defendants have not sued out a writ of error, and presumably are content with the judgment rendered by the court below, which is affirmed, with costs.

The other Justices concurred.