WILLIAM KULENKAMP v. JOHN GROFF, IMPLEADED WITH F. JOSEPH LERG.

*Bills and notes—Parol evidence to contradict terms of instrument —Fraud—Want of consideration—Surety.*

1. Obtaining the signature of a third party to a note under a promise by the payee that the maker should not be liable thereon, which is not kept, is not such a fraud as will nullify the note.

2. Parol proof that a maker of a promissory note was induced to sign it by the agreement of the payee that he should not be held liable thereon is inadmissible to vary or contradict the *legal* effect of the instrument.

3. Where, after the execution and delivery of a note, a third party, who had refused to become surety thereon, was induced to sign it as a maker, by the promise of the payee that it should never be used against him, and that his signature was only desired to aid in securing prompt payment by the *real* payor, who took no part in the transaction, such facts may be proved in a suit by the payee upon the note to show a want of consideration for the promise of such *accommodation* maker.

Error to Washtenaw. (Kinne, J.) Argued June 20, 1888. Decided October 19, 1888.

| | |
|---|---|
| 71 | 675 |
| 79 | 81 |
| 71 | 675 |
| 87 | 236 |
| 71 | 675 |
| 108 | 296 |
| 71 | 675 |
| 112 | 323 |
| 71 | 675 |
| 114 | 92 |
| 71 | 675 |
| 116 | 491 |
| 71 | 675 |
| 119 | 363 |
| 71 | 675 |
| 126 | 213 |
| 71 | 675 |
| s40NW | 57 |
| s15ASR | 283 |
| 129 | ³235 |
| 71 | 675 |
| s40NW | 57 |
| s15ASR | 283 |
| 130 | ²374 |
| 71 | 675 |
| d136 ² | 68 |
| e136 ² | 69 |
| 71 | 675 |
| 148 | ²701 |
| 71 | 675 |
| 158 | ²254 |

*Assumpsit.* Defendant Groff brings error. Reversed. The facts are stated in the opinion.

*Hewett & Freeman* and *E. B. Norris,* for appellant.

*John W. Patchin (Sawyer & Knowlton,* of counsel), for plaintiff.

[The points of counsel are fully stated in the opinion. —REPORTER.]

MORSE, J. The plaintiff brought suit in justice's court upon the following promissory note:

"$116.00.       FREEDOM, March 30, 1886.

"One year after date I promise to pay to Charles Kulenkamp, or bearer, the sum of one hundred and sixteen dollars, for value received, at the People's Bank, at Manchester, with use at seven per cent.

"F. JOSEPH LERG.
"JOHN GROFF."

He obtained judgment. The defendant Groff thereupon appealed to the circuit court for the county of Washtenaw. Upon the trial in said circuit the defendant Groff gave evidence tending to establish the following facts:

On the day the note was executed Charles Kulenkamp, a brother of the plaintiff, held an auction upon his farm for the sale of personal property. The plaintiff at this sale put up a span of horses of his own, and the defendant Groff assisted him in the sale by acting as a "by-bidder" to run the price up. One of these horses was bid in by defendant Lerg for the sum of $116. By the terms of the auction sale the purchaser of property, not paying therefor down in cash, was required to give his note, with a signer or surety thereto. The note in question was drawn up by the auctioneer's clerk. Lerg signed it, and left it with the clerk. He requested Groff to sign it with

him, but Groff refused. Afterwards the plaintiff accosted Groff, and requested him to sign it.

The defendant testifies as follows in regard to the conversation between himself and plaintiff:

"Kulenkamp said I ought to sign the note. He was satisfied with Mr. Lerg for his pay, but he was rather slow, and thought if I would sign it he would get his pay out of it quicker than he would if I was not on, because he would not see me suffer, and I would not be holden on the note. He would see that I would not lose anything or have any trouble about it; and I told him it may be he would go to work and dispose of the note, and then where would I be? He agreed to hold the note. He said it was a custom at auctions. If he did not . get any signer, some others would want to give notes without signers. He agreed to hold the note, and see that I did not have any trouble. I refused, and after a while I said I would do it, but I wanted a witness. Mr. Burtless stood off a little way, and we got him up, and told it before him."

The defendant Lerg had no part in obtaining the signature of Groff to the note, and was not present when defendant signed it.

Upon this showing, which was not rebutted, the circuit judge ruled that no defense had been made to the note, and instructed the jury to find accordingly. The plaintiff had verdict and judgment for the face of the note, and interest.

The counsel for the defendant contend that this oral proof was admissible, and established a perfect defense to the note, if found to be true by the jury, to whom it should have been submitted. They claim that they have the right to show by parol, as between the original parties to the instrument, that it was never to be used or have any being as against Groff; and also that the testimony shows that the signature of Groff was procured by fraud upon the part of plaintiff, which fraud can be shown by parol.

It is admitted that the general rule is that oral contemporaneous evidence is not admissible to vary, alter, or contradict the terms of a written instrument. But it is argued that to this rule there are several well-recognized exceptions, when the contest is between the immediate parties to a note. In such case parol evidence is admissible to impeach the consideration, to show fraud or illegality in its inception, or that it was delivered conditionally, or for a specified purpose only. See *Farwell v. Ensign,* 66 Mich. 600 (.33 N. W. Rep. 734). The defendant's counsel insist that their claim, as before set forth, comes within the exceptions as to fraud and a delivery for a specified purpose.

As far as the claim of fraud is concerned, it is not tenable. The signature of Groff was not procured by false pretenses, by the statement of any fact as existing which did not exist, but upon false promises which have not been performed. It is no more nor less than the nonperformance of an oral agreement made at the time the note was signed, and which oral agreement was totally at variance with the terms of the written contract as set forth in the note. This cannot be considered such a fraud as would nullify the note.

If proof of this unperformed agreement not to hold Groff upon this note, in plain contradiction to its terms, can be admitted to destroy his liability upon it, then any unperformed oral agreement made at the time a written contract or note is executed may be admitted, under the claim of fraud, to defeat the terms and purpose of the written agreement. The maker of a note, as well as the surety or indorser, may say—

"It is true, I signed the note, but it was agreed I was not to pay it, and the collection of it is a fraud upon me."

Written instruments, under the admission and use of

KULENKAMP v. GROFF. 679

such proof to defeat them, would be of but little value, and altogether uncertain, and of no more strength than oral agreements. See *Ortmann v. Bank*, 39 Mich. 518, and cases cited.

It is insisted that the cases of *Manistee Bank v. Seymour*, 64 Mich. 59 (31 N. W. Rep. 140), and *Farwell v. Ensign*, 66 Id. 600 (33 N. W. Rep. 736), are authority in favor of the claim of the defendant. In the latter case, Justice CHAMPLIN, in speaking of the general rule, notices the following exceptions:

"As between the immediate parties, parol evidence is admissible to impeach the consideration, to show fraud or illegality in its inception, or that it was delivered conditionally, or for a specified purpose only."

As before shown, there was no such fraud or illegality in the inception of this instrument as would vitiate it. Nor can it be claimed to have been delivered conditionally, or for a "specified purpose only." It was delivered under the promise that, although Groff had solemnly agreed in writing to pay it, he should not be holden upon it. This is the substance of the whole matter. There was no condition attached to the delivery except this, that the oral agreement not to pay should supersede and control the written contract to pay. If this defense can be allowed, then, as before said, in speaking of the claim of fraud, every promissory note, as between the immediate parties thereto, and every contract in writing, is open to parol proof that it does not correctly represent the agreement made, and oral evidence may be given to contradict, alter, or vary such written agreement.

This is not the law in this State. *Seckler v. Fox*, 51 Mich. 92 (16 N. W. Rep. 246); *Kelsey v. Chamberlain*, 47 Id. 241 (10 N. W. Rep. 355); *Jones v. Phelps*, 5 Id. 218; *Sutherland v. Crane*, Walk. Ch. 523; *Martin v. Hamlin*, 18 Mich. 354; *Adair v. Adair*, 5 Id. 204; *Vanderkarr v.*

*Thompson,* 19 Id. 82; *Beers v. Beers,* 22 Id. 42; *Gram v. Wasey,* 45 Id. 223 ( 7 N. W. Rep. 762 ).

For cases elsewhere similar to the one under consideration, see *Bank v. Dunn,* 6 Pet. 57; *Bank v. Jones,* 8 Id. 14; *Davis v. Randall,* 115 Mass. 547; *Hancock v. Fairfield,* 30 Me. 299; *Thompson v. McKee,* 5 Dak. 172 ( 37 N. W. Rep. 367 ); *Knoblauch v. Foglesong,* 38 Minn. 352 ( 37 N. W. Rep. 586 ); *Dickson v. Harris,* 60 Iowa, 727 ( 13 N. W. Rep. 335 ); *Billings v. Billings,* 10 Cush. 178; *Remington v. Wright,* 43 N. J. Law, 451; *Ewing v. Clark,* 76 Mo. 545; *Pierpont v. Longden,* 46 Conn. 499; *Perry v. Bigelow,* 128 Mass. 129; *Stack v. Beach,* 74 Ind. 571.

But we think the evidence admissible to show no consideration for the promise made in the note. If the defendant's theory be correct, he did not execute this note at the request of Lerg, the principal maker, and the consideration running from plaintiff to Lerg had nothing to do with the signing of the note by the defendant. Neither was there any consideration passing from Lerg to the defendant. If, then, there was any valid consideration for the execution of this note by the defendant, it must have been one passing from the plaintiff to him. There is no showing that plaintiff would not have parted with his property, and taken the note of Lerg in payment for the same without the signature of the defendant, but, on the contrary, the evidence given by the defendant shows that the plaintiff was willing to make the sale, relying upon Lerg alone for payment, and that he claimed that he desired the name of the defendant only for the purpose of aiding him in securing a quicker payment from Lerg.

The note, then, if the defendant's testimony be taken as true, was signed by defendant to accommodate the plaintiff, with the promise that it should never be used against him. We can see no consideration moving to defendant from any one for the execution of this note by

him. There is no dispute but his undertaking was really that of a surety.

Such a contract, not under seal, must be supported by a sufficient consideration. The usual consideration in such cases is that the credit to the principal debtor is induced or given because of the promise of the surety. This is not the case here. Nor is there shown any consideration arising out of either benefit to Lerg or the defendant, or detriment to the plaintiff, to support the contract of the defendant here.

Judgment will be reversed, and new trial granted, with costs.

The other Justices concurred.