HUMPHREY SHAW v. PETER STEIN ET AL.

*Bills and notes—Indorsement—Fraud—Consideration—Evidence.*

1. Where the payee in a mortgage note indorsed it in *blank,* and transferred the securities to a creditor to secure a debt, after the payment of which he sold the securities to a third person, who induced the creditor to indorse the note (in blank) by making him believe that such indorsement was necessary to pass the legal title to the purchaser, the creditor protesting against indorsing so as · to become personally responsible,

he having no interest in the papers, of which facts the purchaser had knowledge, such indorsement was procured by fraud, of which the purchaser cannot take advantage, and which may be shown by parol testimony. *Bank v. Seymour*, 64 Mich. 59; *Farwell v. Ensign*, 66 Id. 600; *Kulenkamp v. Groff*, 71 Id. 675.

2. If in such a case the purchaser had refused to take the note without the creditor's indorsement, who, knowing this, had indorsed the note in order that the payee might transfer it, there would have been a good consideration for the indorsement.

Error to Saginaw. (Gage, J.) Submitted on briefs November 12, 1889. Decided December 28, 1889.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion

*Brooks & Conway*, for appellant.

*James H. Davitt*, for defendant Stein.

MORSE, J. Plaintiff brought suit upon a negotiable promissory note for $500, payable to the order of William West. Upon this note appeared the name of Charles Hack, as maker, and William West, William C. West, and Peter Stein, in the order named, as indorsers. It was admitted that William C. West and William West were one and the same person. No service was obtained upon Charles Hack, as he had removed from the State. West and Stein pleaded separately, and the latter only made any defense in the court below. In a notice under the general issue, Stein was permitted so introduce testimony tending to show a want of consideration for his indorsement, and fraud upon the part of plaintiff in obtaining it. This is the ground of all the errors assigned in the case; Stein prevailing in the court below, and the plaintiff coming into this Court on writ of error.

The note in suit was secured by chattel mortgage, of

even date, upon property incumbered by a prior mortgage. The defense of Stein was that he came into possession of the note and mortgage as security for an indebtedness of West to him. West assigned the mortgage to Stein, and indorsed the note in blank, and delivered both to him. At the time the note and mortgage were sold by West to plaintiff, Stein had no interest in the note or mortgage, having been paid in full by West. West testified that he told Shaw that Stein was holding the papers, but that he had no interest in them, and no claim upon them, as the "deal" between West and Stein was "settled up." West and Shaw went to Stein, who assigned the mortgage over to Shaw. Shaw then said:

"Mr. Stein, you will have to put your name on the back of this,"—

Referring to the note. Stein replied:

"Oh, no; I don't put my name on the back of any note."

Shaw said:

"You will have to do this, to transfer it to me. It has got to be transferred to me, and that is the way to do it."

Stein said:

"I suppose that is so, —

And then indorsed the note. Stein testified that he had no interest in the note or mortgage when it was purchased by Shaw. He says:

"We went to the clerk's office. We got the papers, and I transferred it, I supposed, I not knowing a great deal about paper matters, any way. I transferred the mortgage, and he [Shaw] gave me the note. I said: 'That is all right. I don't want to sign that.' 'Why,' he said, 'you must sign this note, and transfer it to me, as it would be no good.' Said I, 'All right, if I have got to do that;' and I done so."

Stein further claimed that he did not know that the note would have passed to Shaw without his indorsement, but supposed that it was necessary for him to sign it on the back to take it out of his hands, and was led to believe this by the plaintiff's statement. The plaintiff paid for the note and mortgage by a check of $350, and an old note of $175, which he held against the father of West. The check was drawn payable to Stein, who drew the money upon it, and paid the same over to West. .

Plaintiff testified that West told him that Stein owned the mortgage, and that West told Stein to indorse the note, and Stein did so. Thinks he did not ask Stein to indorse. Denied that West told him that Stein had no interest in the note and mortgage, and denied that he (plaintiff) told Stein he must indorse it in order to pass the title of the note. He swears that he supposed Stein had the whole interest in the papers, and that neither West nor Stein informed him to the contrary. Stein testifies that he told him he had no interest whatever in the securities.

The circuit judge instructed the jury that if they found that Shaw, before he went to the clerk's office to take an assignment of the mortgage, was aware of the relations existing between Stein and West, and knew Stein had no interest really in the mortgage or note, but that he simply held them for West's benefit, to be transferred to him whenever he should request it, and that the securities in fact belonged to West, and that, knowing this fact, Shaw represented to Stein that it was necessary that he should indorse the note in order that there might be a legal transfer, Stein at the same time protesting that he did not wish to indorse it so as to be held responsible, the effect of such a representation by Shaw would operate as a fraud upon Stein, and the transfer would be without consideration, as between Shaw and Stein; that

the burden of proof was upon Stein to establish these facts, but, if established by a preponderance of the testimony, Stein was entitled to a verdict. In answer to a question of plaintiff's counsel, the court again stated directly to the jury that they must find that plaintiff knew Stein had no interest in the note or mortgage, and, so knowing, represented to Stein that it was necessary he should indorse the note in order to legally transfer it.

The case was plainly stated by the court, and the only question here is as to the correctness of the instructions. We think there was no consideration for the indorsement of Stein, if the jury believed his testimony, as they manifestly did. If the facts had shown that plaintiff had refused to take the note without Stein's indorsement, and Stein, knowing this, had indorsed it in order that West might transfer it, there would have been a good consideration for such indorsement. But the note in this case had been indorsed in blank by West when it was delivered to Stein, and it did not need Stein's indorsement to pass it over to plaintiff, which plaintiff knew. If he, therefore, induced Stein to indorse it by making Stein believe he must do so to pass the title, such indorsement was procured by fraud, and the plaintiff cannot take advantage of such fraud. Parol testimony was admissible to show this fraud. *Manistee Nat'l Bank v. Seymour,* 64 Mich. 59 (31 N. W. Rep. 140); *Farwell v. Ensign,* 66 Id. 600 (33 N. W. Rep. 734); *Kulenkamp v. Groff,* 71 Id. 675 (40 N. W. Rep. 57).

The judgment below is affirmed, with costs.

The other Justices concurred.