### ACME FOOD CO. v. TOUSEY.

1. Evidence—Parol Evidence—Varying Written Contracts—Admissibility.

The rule that parol evidence is not admissible to vary written contracts has no application to a case in which the defendant claims he did not sign the note declared upon, and that plaintiff has filled up the blanks in the instrument he did sign, making it an entirely different instrument.

2. Bills and Notes—Action—Denial of Execution—Estoppel.

In an action on a promissory note, evidence examined, and *held*, that defendant was not estopped, under the circumstances, from denying the execution of the note by a letter he wrote to plaintiff calling its attention to its failure of performance of their contract, and requesting "I would like to have you hold the note until fall."

Error to Washtenaw; Kinne, J. Submitted April 16, 1907. (Docket No. 106.) Decided July 1, 1907.

Assumpsit by the Acme Food Company against Frank J. Tousey upon a promissory note. There was judgment for defendant, and plaintiff brings error. Affirmed.

*A. F. & F. M. Freeman*, for appellant.

*A. J. Sawyer & Son*, for appellee.

MOORE, J. This case was commenced in justice's court. The plaintiff declared orally on all the common counts in assumpsit, and also on a certain promissory note filed in said cause, of which the following is a copy:

"$82.00.

"Town Salem, State, Michigan.

"Date Dec. 12, 1903.

"One hundred and twenty days after date, for value received, we, or either of us, promise to pay to Acme Food Co. (not inc.) or order, eighty-two dollars at Acme Food Co.'s office, Chicago, Ill., with interest after maturity until paid.

(Signed)        ": F. J. TOUSEY."

And claimed damages of $300 or under. The bill of particulars under the common counts is for the goods sold and delivered by the plaintiff to the defendant at his request mentioned in a paper annexed to the note. After a motion was made and disposition made of it, the defendant pleaded the general issue, gave notice in detail of the circumstances under which plaintiff obtained the paper mentioned in its declaration, and denied under oath the making of the note mentioned in the declaration. After trial in justice's court the case was appealed to the circuit court, where it was tried by a jury which returned a verdict in favor of defendant. After judgment was rendered upon the verdict, a motion was made for a new trial for a number of reasons, the most important of which were that the judge should have directed a verdict in favor of plaintiff; that plaintiff was taken by surprise in the testimony offered by defendant, which testimony it could now refute if given a new trial; and—

"Because the defendant offered in testimony a certain writing, signed by him, among other things stating: 'I would like to have you hold the note until fall.' The plaintiff did hold said note, as requested by defendant, and did nothing towards its enforcement or collection; and that if defendant had any defense to said note or ground for complaint he thereby waived it, and if any alteration, change, raising, or forging had taken place respecting thereto defendant condoned the same and was thereby estopped to set up such defense, and therefore, in this respect, verdict should have been directed for plaintiff for $90.64, the amount of the note."

In his charge to the jury the judge instructed them, among other things, as follows:

"The plaintiff has offered in evidence a certain contract in writing signed by the defendant. If from the evidence in this case you find that the defendant signed this contract and delivered it to the plaintiff as it now appears, that no material change has been made in said contract since its execution, that the defendant signed it fully understanding its meaning and import, and that no fraud whatever has been practiced upon the defendant; and if you further find from the evidence that the plaintiff has fully complied with its part of the contract, that it duly shipped the goods to the defendant and furnished a man to assist the defendant as therein agreed upon, then the plaintiff is entitled to a verdict in this case, and your verdict should be for the sum of $90.64.

"On the other hand, if you find from the evidence that this contract has been materially changed since its delivery without the knowledge or authority of the defendant, that a blank note has been filled so as to convert a mere blank into a promissory note, such change would defeat all right to recover upon said contract, and if you so find the fact to be from the evidence your verdict should be for the defendant.

"The defendant is bound by his written agreement, unless some fraud has been committed upon him. In the absence of fraud the defendant cannot enlarge or prove any different agreement than the one into which he entered in writing. When parties have entered into a written agreement, they are bound by it, and no other or different contract can be proven, unless some fraud has been committed in the making of such contract.

" If this contract is just as it was when executed by the defendant, and he fully understood it, then the defendant cannot now escape its terms and consequences; and, if the plaintiff has done its part, then the defendant must do his part and pay this debt."

The trial judge overruled the motion for a new trial. In doing so he gave, among others, the following reasons:

"An examination of the charge to the jury in this cause will show upon what theories this case was tried.

" It was the contention of the defendant that he never signed the contract upon which this suit is based; that his contract when signed contained no note or other promise to pay; that the contract had been materially changed since its execution, and the liability of the defendant enlarged and altered; that such alterations and changes had destroyed the validity of the written contract. It was upon this theory that the defendant was allowed to show that a blank note had been filled since the execution and delivery of the contract, and that a fraud had thus been practiced upon him.

" It was in support of this contention that the defendant was allowed to show what the real contract was between the plaintiff and him.

" If this blank note had remained unfilled, the contract as written and the contract as claimed by defendant would have been consistent, one with the other. No one could seriously claim that the defendant could contradict his written contract, and no testimony was admitted upon any such theory.

"All of the propositions which were submitted to the jury made a recovery by the defendant contingent upon the finding that the contract had been altered and changed since its execution.

" It seems to me that the case was fairly tried and fairly submitted, and that there are no good grounds for a new trial. The claims of an estoppel and of a surprise in testimony do not seem to me to justify very serious consideration."

The case is brought here by writ of error.

The important question urged by counsel is whether defendant should have been allowed to show by oral testimony what occurred when the paper mentioned in the

declaration was executed.   We quote from the brief of counsel:

"It has been difficult for us to understand how it was legally possible to successfully urge the defense appearing by this record; indeed, we are not yet able to.   We say, and most emphatically insist, that the well-understood rule that oral, contemporaneous testimony of contracts or alleged contracts is inadmissible to alter, contradict, or vary written undertakings, has been seriously violated in this case.   Of this general well-defined rule the profession is not now in dispute.   It has been put long ago to every stress and strain that legal minds could suggest, and the courts have opinionated to full limits.   We do not believe any good will come to our client or to the court in citing this array of authority.   There is no conflict in authority. And one case from our own court ought to be as sufficient as a hundred.   To this proposition we are about constrained to cite but the one case.   We almost regard it presuming upon the court to do otherwise respecting that well-understood rule.   We refer to the case of *Kulenkamp* v. *Groff*, 71 Mich. 675 (1 L. R. A. 594).   That has become somewhat noted as an authority on the principles involved, not only by this court, but by many other courts throughout the United States, if frequent citation of it is any criterion.   This court has cited it approvingly, at least a dozen times since its rendition, to differentiate the rule when involved in the case at hand to support the principle asserted, or to defend the rule when seemingly assailed.   It is given distinction in 1 L. R. A., at page 594, in Am. & Eng. Enc. Law, and by text-book writers or commentators.   We accept it now as the authority on the question here presented.   We invoke the principles it enunciates, and none other; and, if it does not rule for plaintiff, then we frankly admit that there are no cases that do."

We think counsel have misconceived the effect of the case they cite.   A reference to it will show there was no pretense that defendant Groff did not sign the note sued upon.   He testified that he made the note, but claims it was orally agreed that he should not be required to pay it; and the court say:

"As far as the claim of fraud is concerned, it is not ten-

able. The signature of Groff was not procured by false pretenses, by the statement of any fact as existing which did not exist, but upon false promises which have not been performed. It is no more nor less than the nonperformance of an oral agreement made at the time the note was signed, and which oral agreement was totally at variance with the terms of the written contract as set forth in the note. This cannot be considered such a fraud as would nullify the note."

While the court held that the oral testimony was inadmissible to contradict the terms of the note which it is conceded Mr. Groff signed, it also held the evidence was admissible to show no consideration for the promise made in the note. In the case at bar, defendant not only claimed there was no consideration passed to him, but he also claimed that he never gave the note upon which suit was brought. The paper sued upon appears in about the middle of a printed blank, the first part of which as filled in is a request to plaintiff to "please ship to F. J. Tousey, Salem, Michigan," certain foods amounting to $82. Upon the margin of this portion of the paper is written "salesman to assist guaranteed." Then follows the note mentioned in the declaration, which the defendant says he never executed, and which before it was filled out appeared as follows:

"$____

"Town_____  State_____
        "Date_____190_____
"_____days after date, for value received, I, we, or either of us, promise to pay to Acme Food Co., (not Inc.), or order_____Dollars, at Acme Food Co.'s office, Chicago, Ill., with interest after maturity until paid.

_____
_____ "

Then follows an agreement of considerable length signed by Acme Food Company. An inspection of the original paper will show the trial judge was quite right in saying:

"If this blank had remained unfilled, the contract as

written and the contract as claimed by defendant would have been consistent one with the other."

The remaining question demanding attention is whether defendant is estopped from making a defense, because in a certain writing signed by him occurs the sentence. "I would like to have you hold the note until fall." There is a dispute as to whether this was written in response to a communication from plaintiff dated February 5, 1904, and which plaintiff says should have been dated February 5, 1905, or whether it was a reply to a communication without date in which plaintiff says:

"We take this means of bringing to your notice that your order placed for $82 worth of Acme Food will become due April 12, 1904."

In the letter written by the defendant where the phrase occurs the defendant calls attention to the fact that he has not sold a single pound of the food, and closed his communication as follows:

"Your agent did not come to me to canvass until late in the season, and when he did come the roads were in a deplorable condition, consequently I did not deem it advisable to make any effort to canvass for orders. I trust that this explanation will meet with your approval, and that you will co-operate with me, thereby giving me a chance to further your interests as well as my own. When I gave the order to Mr. Brock, he told me he would be here in a few days to help me sell the goods, saying he had a sister living in my township, and he would surely come as he desired to see his sister."

We do not think it can be said that defendant is estopped from denying liability.

Judgment is affirmed.

McALVAY, C. J., and MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.