AUTO PURCHASE CORPORATION *v.* JOHNSTON.

1. BILLS AND NOTES—HOLDER IN DUE COURSE—ACQUISITION AFTER DEFAULT IN INSTALMENT.

Indorsee which acquired instalment note, containing an acceleration clause making the entire principal sum due and payable at once without notice or demand in event of default, was not a holder in due course, where it acquired the note after default in at least one monthly instalment (2 Comp. Laws 1929, § 9301).

2. SAME—HOLDER IN DUE COURSE—INDORSEMENT—BLANK—WITHOUT RECOURSE—EVIDENCE.

In action by indorsee which acquired note under circumstances such as to prevent its being a holder in due course it was error to refuse admission of evidence presented by defendant, named as payee, tending to show that indorsement in blank was actually without recourse to defendant.

3. SAME — QUALIFIED INDORSEMENT — ASSIGNMENT OF ATTACHED CHATTEL MORTGAGE.

Assignment in chattel mortgage of "all right, title and interest of the mortgagee" did not, of itself, constitute a qualified indorsement of a promissory note attached to the mortgage and indorsed in blank.

4. SAME—INDORSEMENT—STATEMENT ON ATTACHED SIGHT DRAFT.

Statement in sight draft, signed by defendant and attached to promissory note and chattel mortgage, that he would repurchase the note and chattel mortgage if any error, omission or misrepresentation had occurred in the execution thereof would be evidence of a guarantee rather than a qualification of defendant's indorsement of the note.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am. Jur., Bills and Notes, §§ 367, 423, 431, 432.
[2] 8 Am. Jur., Bills and Notes, § 1075 *et seq.*
[4] 8 Am. Jur., Bills and Notes, §§ 1118, 1119; 24 Am. Jur., Guaranty, § 121.

Appeal from Wayne; Richter (Theodore J.), J. Submitted January 7, 1949. (Docket Nos. 55, 56, Calendar Nos. 44,293, 44,294.) Decided April 11, 1949.

Separate actions of assumpsit by Auto Purchase Corporation against Jack C. Johnston on promissory notes. Cases consolidated for trial and appeal. Judgment for plaintiff. Defendant appeals. Reversed and remanded for new trial.

*Charles Rubiner,* for plaintiff.

*Herbert J. Pevos,* for defendant.

Dethmers, J. These two cases, consolidated for trial and appeal, were before us on a previous appeal (319 Mich. 634), in which we set aside judgments on the pleadings for plaintiff and remanded the cases for further proceedings. Trial now having been had on the merits, defendant again appeals from judgments entered against him as indorser of 2 promissory notes.

Defendant, a dealer, sold 2 trucks, accepting down payments; the purchasers asked the Auto Purchase Company to finance the balances due; the company agreed, prepared notes and chattel mortgages which named defendant as payee and mortgagee, respectively, therein, obtained the purchasers' signatures thereon, and sent the papers to defendant for indorsement and assignment, together with sight drafts for the amounts of the balances due him. Defendant placed his signature on the backs of the notes and under assignments of the mortgages to the company, signed the drafts, and deposited these papers with the company's bank from which, in turn, he received the balances due him on the trucks.

After the notes were in default they were acquired from the company by plaintiff.

Defendant's answers set up the affirmative defense that he advised the company that his dealings with the purchasers were on a strictly cash basis and that he would under no circumstances become guarantor, surety, or indorser with recourse of the notes; that he thereafter placed his signature on the backs of the notes and on the mortgage assignments only upon the company's representations that this was necessary in order to perfect the company's liens and with the understanding and agreement between them that he was attaching his signature for that purpose only and not for the purpose of causing defendant to assume "any personal liability as indorser or guarantor."

In our previous opinion we said:

"If established by competent testimony the above would constitute a valid defense. *Blackwood* v. *Sakwinski,* 221 Mich. 464 (29 A. L. R. 1314). * * *

"If the Auto Purchase Company were plaintiff herein and the affirmative defense were established, it could not recover on these notes. * * * Thus whether plaintiff became a holder in due course before maturity becomes an issue of fact under the pleadings. If plaintiff was not such holder of the respective notes, it stands in the shoes of its indorser as to any defense which would have been available against plaintiff's indorser."

On trial it was established that plaintiff "stands in the shoes of its indorser," the Auto Purchase Company, and that it is not a holder in due course of the notes, which contain an acceleration clause making the entire principal sum due and payable at once without notice or demand in the event of default in the payment of any instalment, because the notes were, in fact, in default in the payment of at least 1 monthly instalment when plaintiff acquired

them. 2 Comp. Laws 1929, § 9301 * (Stat. Ann. § 19.94); *Miller* v. *Ashton*, 241 Mich. 46. Despite our holding that the affirmative defense set up in defendant's answers would, if established, constitute a valid defense against the Auto Purchase Company, and also against the Auto Purchase Corporation if it should be established that the latter is not a holder in due course, the trial court, nevertheless, rejected defendant's proffer of testimony to establish that very defense on the ground that it would tend to vary the terms of a written agreement. (See, *contra, Shaw* v. *Stein*, 79 Mich. 77.) This was palpable error for which the judgments are reversed and a new trial granted.

We are not in accord with defendant's contention that the instruments involved in these cases disclose on their face a qualified indorsement of the promissory notes. The notes bear defendant's bare signature as indorser without qualifying language. True, the notes are attached to chattel mortgages which bear defendant's assignments reading in part as follows:

"For value received the undersigned mortgagee hereby sells, assigns and transfers to Auto Purchase Co.—Detroit the within chattel mortgage and all right, title and interest of the mortgagee therein and to the property therein described. together with the note secured thereby and all rights to enforce payment of the same out of said mortgaged property or otherwise."

Defendant in this connection relies on *Fecko* v. *Tarczynski*, 281 Mich. 590, in which it is held that "a transfer by indorsement of the *'right and title'* of the payee or an indorser to a negotiable note is equivalent to an indorsement 'without recourse.'" It is clear, however, that the words "all right, title

---

* 3 Comp. Laws 1948, § 439.54.—REPORTER.

and interest of the mortgagee" as used in the above assignment refer to the mortgage and mortgaged property, but not to the note. Consequently, these words do not serve to qualify defendant's indorsements of the notes. The 2 sight drafts signed by defendant contain the following:

"For value received, We/I the undersigned, hereby agree that We/I will forthwith upon request or demand of the Drawee, repurchase the *inclosed paper* for full amount as stated above if any error, omission or misrepresentation has occurred in the execution of inclosed paper."

The term "inclosed paper" in the quoted language refers to the note and chattel mortgage. Had this language appeared over defendant's signature on the notes, or had defendant attached his signature only to the drafts, there might be merit to his claim that the quoted language limits his liability to the conditions and circumstances therein expressed. However, having attached his signatures to the notes and assignments of mortgages in the manner above set forth, the language on the drafts was clearly intended to operate as a guarantee by the defendant rather than a qualification upon the note indorsements.

Judgments reversed and causes remanded for a new trial. Costs of both courts to defendant.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.