## CHARLES L. ORTMANN AND SIGMUND ROTHSCHILD v. THE CANADIAN BANK OF COMMERCE.

*Parol evidence inadmissible to impeach an indorsement.*

An indorser cannot defend on evidence of an oral agreement made at the same time as the indorsement, introduced to change its legal import and convert it into an undertaking resting on outside conditions.

Parol evidence is admissible as to the consideration of an indorsement, or to show that it was obtained by fraud or merely to facilitate collection, or had been fraudulently perverted.

Error to the Superior Court of Detroit.  Submitted October 17.   Decided October 31.

ASSUMPSIT.  Defendants bring error.

*Griffin & Dickinson* for plaintiffs in error.  An indorser has been protected by the indorsee's oral agreement at the time of the indorsement, that the drawer or acceptor alone should be responsible, (*Pike v. Street*, Mood. & M., 226; *Girard Bank v. Comly*, 2 Miles, 405) or that the maker should be first sued, *Wright v. Latham*, 3 Murph., 298; where an indorsement is in blank, the actual contract can be shown by parol, 2 Pars. N. & B., 519.

*Walker & Kent* for defendant in error.

GRAVES, J.  The bank recovered in the court below

against Ortmann as maker and Rothschild as endorser of a note for $1175.50, drawn payable to Rothschild's order at the American National Bank, at the city of Detroit.

The defense set up was that when Rothschild endorsed it was verbally agreed between him and the bank, that if he would pay and take up certain notes made by George Campbell & Co., and used by Ortmann on the Detroit side of the river on Rothschild's endorsement, the bank would cancel this endorsement or relieve Rothschild from liability on it and look to Campbell & Co., and to security the bank had taken from them for the money called for by the note, and that Rothschild was to be liable on the endorsement only in case he should not pay said notes on the Detroit side, and that pursuant to this arrangement he paid the paper in question, and that the bank understood when the note was taken that he was endorser for accommodation merely.

The defense offered parol evidence to make out the state of facts indicated, and counsel for the bank objected that it was not competent. The court, however, ruled that the evidence might be gone into, and subsequently allowed the counsel for the defense great latitude under the ruling. At length objections were sustained to questions in this line of inquiry as remote and unnecessary, and to the further continuance of a loose examination on the same subject, when the court was of opinion that to carry it further would not in fair practice be proper. These rulings are complained of. Error is charged also on a fragment of the instructions to the jury, but it seems to be abandoned. The brief does not refer to it.

The court erred in allowing the defendants below to give evidence of an unwritten agreement made at the very time of the endorsement, for the purpose of changing its legal import and converting it into an undertaking subject to conditions resting on extrinsic matters, and containing terms depending upon the uncertain recollection of the parties. *Hyde v. Tenwinkel*, 26 Mich., 93; *Martin v. Hamlin*, 18 Mich., 354; *Free v. Hawkins*, 8

Taunton, 92; *Hoare v. Graham,* 3 Campb., 57; *Bank of Albion v. Smith,* 27 Barb., 489; *Fassin v. Hubbard,* 55 N. Y., 465; *President, Directors & Co. of Prescott Bank v. Caverly,* 7 Gray, 217; *Charles v. Denis,* 42 Wis., 56.

We do not decide that evidence of parol contemporaneous facts which affect the contract can never be allowed. When the state of the issue and the nature of the question allow and require it, the consideration may be inquired into, and the rule does not exclude the right to prove that the endorsement was obtained by fraud, or for the special purpose merely of facilitating collection, or that it has been fraudulently perverted or misused.

Wherever the shape of the issue, the status of the parties, or their relation or situation does not preclude the inquiry and it becomes material upon such questions as those just suggested, the reason for exclusion does not apply.

It is then, not a case where a written undertaking having a definite *prima facie* legal sense is proposed to be displaced by the court at the instance of a party, by some unwritten contemporaneous understanding, bearing a different meaning, and where there are no conditions to justify the substitution of uncertain verbal relations which the parties were not minded to write down, for the certain testimony of their purpose and understanding which they did write down. We think it is proper to observe further, that it must not be taken for granted that the arrangement mentioned if in writing would be a defense. It is not conceded that it would be, but as the point is not now material it is not decided. As the evidence was improperly admitted against the objection made to it, the plaintiffs in error are not in a position to complain that they were not allowed to examine at greater length. Were it otherwise there would be room for questioning the validity of the exceptions. This disposes of the questions urged.

The judgment must be affirmed with costs.

The other Justices concurred.