KAY *v.* MILLER.

Evidence—Parol Testimony Inadmissible to Vary Terms of Written Assignment.

The terms of a written assignment of a land contract may not be varied by parol testimony by showing that, on assignment by the original vendee therein, he orally promised to pay the installments of a paving tax, where, under the writing, the assignee assumed all the obligations of the assignor.[1]

Error to Wayne; Marschner (Adolph F.), J.    Submitted April 8, 1926.    (Docket No. 45.)    Decided June 7, 1926.

Assumpsit by Henry Kay against Frank P. Miller for the breach of an agreement to pay a paving tax. Judgment for plaintiff.    Defendant brings error. Reversed, and judgment ordered entered for defendant.

[1] Evidence, 22 C. J. § 1474.

General rule that parol evidence not admissible to vary, add to or alter a written instrument, see note in 17 L. R. A. 270.

*Albert McClatchey* and *Harry J. Weber,* for appellant.

*Felix A. Doetsch,* for appellee.

WIEST, J. Frank P. Miller, vendee in a land contract, was obligated to pay installments of a paving tax. He assigned the contract to Joseph H. Schulte by a writing under which Schulte assumed the obligation to pay the tax. That writing follows:

"In consideration of $1.00 to me in hand paid by Joseph H. Schulte hereby grant, sell and convey to him all my right, claim and interest in and to the within contract, and in and to the premises described, with the benefits to be derived therefrom and said assignee in consideration of the premises, hereby assumes and agrees to perform and carry out all parts of the said contract (not already performed), within provided to be performed by the part——of the——part thereto."

Schulte gave a like assignment to plaintiff. Plaintiff paid the tax and sued Miller, claiming that Miller verbally agreed, at the time of the assignment to Schulte, to pay the tax, and Schulte had assigned Miller's agreement to him. Plaintiff had judgment and defendant reviews by writ of error.

Defendant claims the writing he gave Schulte controls and bars proof of any parol agreement varying its terms. Plaintiff claims the agreement by Miller related to the consideration, and, under the rule permitting the consideration to be shown, it was proper to prove the parol agreement. As stated, the assignment from Miller to Schulte expressly passed the obligation to pay the tax to Schulte. The specific terms of the assignment with respect to the payment of the tax control, and may not be varied by a parol agreement. Such an agreement as now claimed by plaintiff was merged in the writing. The well-established

235—Mich.—20.

rule on the subject does not give way and permit plaintiff to say that the express provision in the assignment, obligating Schulte to pay the tax, was not the true agreement, because Miller had agreed to pay it. The written assignment, signed by Miller, became binding upon Schulte when he accepted it, and, as it expressed the consideration as inclusive of the payment of the paving tax by Schulte, the ordinary rule with reference to contracts applies, and the consideration so expressed can no more be varied by parol than any other portion of the written contract.

We think defendant agreed to pay the paving tax, but, without reformation of the writing, we cannot at law hold that Schulte's agreement to assume and pay the tax was not the agreement because Miller was to pay the tax. The writing controls. Judgment should have been in favor of defendant.

Reversed, with costs to defendant, and remanded with direction to enter such judgment.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.