ANDERSON v. ENGARD.

1. BILLS AND NOTES—FRAUD—RENEWAL NOTE—DEFENSES.
In an action on a renewal note, defendant's claim that it was procured by the fraud of plaintiff's attorney in representing that defendant's position would not be changed by giving the renewal note, is without merit; the

same defenses being open in an action on the renewal note as would be in an action on the original.[1]

2. EVIDENCE—TERMS OF A NOTE MAY NOT BE VARIED BY ORAL TESTIMONY.

While, as between the parties, the consideration of a note may be inquired into, parol testimony may not be received of a cotemporaneous oral agreement varying the terms of the note.[2]

3. WITNESSES — MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

In an action by the administratrix of deceased's estate on a renewal note, defendant was incompetent to testify to facts equally within the knowledge of the deceased.[3]

4. EVIDENCE—TERMS OF A NOTE MAY NOT BE VARIED BY ORAL TESTIMONY.

Where the consideration for a note given by defendant was plaintiff's check, which defendant indorsed and turned over to a corporation in payment for stock, testimony that the note was not to be paid in accordance with its terms, but only from dividends, was incompetent.[4]

5. BILLS AND NOTES—EXECUTORS AND ADMINISTRATORS—TITLE TO NOTE.

Where an administratrix received a renewal note belonging to the estate payable to her order individually and placed it among the assets of the estate, title passed to the estate without her indorsement.[5]

6. PARTIES—BILLS AND NOTES—REAL PARTY IN INTEREST.

Where an estate was the owner of a note, and therefore was the real party in interest, action thereon was properly brought by the administratrix (3 Comp. Laws 1815, § 12353), although it was made payable to her order individually and was turned over to the estate by her without her indorsement.[6]

Error to Washtenaw; Sample (George W.), J. Submitted June 29, 1926. (Docket No. 77.) Decided October 4, 1926.

Assumpsit by Margaret M. (Hoover) Anderson,

[1]Bills and Notes, 8 C. J. § 658; [2]Evidence, 22 C. J. §§ 1559, 1669; [3]Witnesses, 40 Cyc. p. 2312; [4]Evidence, 22 C. J. § 1669; [5]Bills and Notes, 8 C. J. § 529 (Anno); [6]Id., 8 C. J. § 1086.

administratrix of the estate of Leander J. Hoover, deceased, against Howard G. Engard on a promissory note.   Judgment for plaintiff for less than amount claimed.   Plaintiff brings error.   Reversed, and judgment ordered entered *non obstante veredicto*.

'A. F. Freeman,* for appellant.

*Cavanaugh & Burke,* for appellee.

FELLOWS, J.   This suit is brought on a note given in renewal of a note for $2,000 executed by defendant to Leander J. Hoover in his lifetime.   The following facts are either admitted or established beyond dispute:   Hoover in his lifetime was a successful business man in Ann Arbor, being heavily interested in the Hoover Steel Ball Bearing Company.   He and those associated with him conceived the organization of the King Trailer Company.   Defendant, who had formerly known Hoover, came to Ann Arbor and worked for this company, Hoover lending him the money to move there with his family.   Hoover gave defendant his check for $2,000, which defendant indorsed and gave to the trailer company, and that company issued to him its stock for that amount, which he deposited as collateral to the original note.   He worked for the trailer company several years.   Mrs. Hoover, who afterwards remarried, was appointed administratrix of Hoover's estate.   After numerous conferences with plaintiff's representatives, the renewal note was given by defendant.   It included the amount due on the $2,000 note and the money loaned defendant to pay his moving expenses, the latter item not being in dispute.   In defense, it is insisted that the renewal note was procured by fraud, the fraud as claimed by defendant being the representation by plaintiff's attorney that defendant's position would not be changed by giving the renewal note.   But if this statement was

made by plaintiff's attorney, it was not a misrepresentation. It does not need the citation of authorities to demonstrate that as between the parties, as here, the same defenses are open to defendant in an action on the renewal note as would be open to him in an action brought on the original note. There is no question of fraud in the case.

The important question in this case grows out of the admission of parol evidence under the claim that it was admissible to show failure of consideration for the note, and in submitting the case to the jury on such testimony, without which defendant made no case for the jury. While, as between the parties, the consideration of a note may be inquired into, parol testimony may not be received of a cotemporaneous oral agreement varying the terms of the note. *Chicago, etc., R. Co.* v. *Edson,* 41 Mich. 673; *Ortmann* v. *Canadian Bank of Commerce,* 39 Mich. 518; *Kulenkamp* v. *Groff,* 71 Mich. 675 (1 L. R. A. 594, 15 Am. St. Rep. 283) ; *Phelps* v. *Abbott,* 114 Mich. 88; *Gumz* v. *Giegling,* 108 Mich. 295; *Kay* v. *Miller,* 235 Mich. 304. Defendant could not be permitted to testify to facts equally within the knowledge of the deceased, and the trial judge so held. He was permitted to testify to the claim made by him to plaintiff's attorney, as follows:

"I told Mr. Freeman the stock was made out in my name and when the stock had earned for Mr. Hoover in dividends the value of the stock, he would turn it over to me. I stated to him that was the understanding Mr. Hoover had with me, that I had no liability in that stock at all."

The only testimony given by a witness competent to testify on the subject was that given by Mr. Dobson. He testified that the trailer company was organized by Hoover and those associated with him in the Hoover company, each taking $2,000 of the stock of the trailer company; that one of such associates, Dr. Canfield,

did not take his allotment, and that Hoover told witness that he, Hoover, was going to take the Canfield stock himself. Speaking of what Hoover said about defendant, he testified:

"And in the conversation he stated to me and to the others with whom he was discussing the matter with at different times, that Mr. Engard had a lot of practical experience but no money, and that if he brought him here, it would be at what would be considered a moderate salary for his services, but it was to be made up with a certain amount of stock which was to be segregated and given to Mr. Engard after the company had been developed, if it was successful—something connected with a certain amount of bonus."

Accepting defendant's own version of what his claim was and is, and considering the competent testimony offered by him, it establishes, if it establishes anything, that there was a cotemporaneous oral agreement that the note was not to be paid in accordance with its terms, but only from dividends. This did not go to the consideration of the note. Admittedly the consideration of the note was Hoover's $2,000 check given to the defendant. The testimony should not have been received and a verdict for plaintiff should have been directed.

We should note the further claim of defendant's counsel that a verdict should have been directed for defendant on the ground that the estate was not the legal holder of the note and for this reason a verdict for defendant should not be disturbed. When the renewal note was given it was made payable to plaintiff individually or to her order. She placed it with the assets of the estate, where it has since been held. She had not indorsed it at the time suit was brought. Doubtless, as a matter of bookkeeping, she should have charged herself with the note when she took it in her name, and credited herself with it when she placed it back with the assets of the estate. But without her

indorsement title passed to the estate when she turned it over to the estate and placed it among its assets (2 Comp. Laws 1915, § 6090). And the estate being the real party in interest, it was proper to bring the action by the administratrix (3 Comp. Laws 1915, § 12353).

The judgment will be reversed and the case remanded, with instructions to enter judgment *non obstante veredicto*.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, and McDONALD, JJ., concurred. CLARK, J., did not sit.