MacCRONE v. ECKERT.

1. EVIDENCE — PAROL EVIDENCE — VARYING WRITTEN INSTRUMENT—
   BILLS AND NOTES.

   In action between original parties to a note it may be shown by
   parol evidence, without violating the rule against varying
   written instruments by oral testimony, that promissory note
   was not to become a contract until the happening of an agreed
   event.

2. SAME—CONTEMPORANEOUS PAROL AGREEMENT—VARYING WRITTEN
   INSTRUMENTS—BILLS AND NOTES.

   In action between original parties of a promissory note, con-
   temporaneous agreement that stock for which it was given was
   to be resold and note returned to maker negatived all liability
   *in præsenti* as well as upon the happening of such a sale, hence
   may not be shown as it would violate rule against varying a
   written instrument by oral testimony.

3. BILLS AND NOTES—FAILURE OF CONSIDERATION—STOCK PLEDGES.

   Failure of consideration for nondelivery of shares of stock,
   pledged as collateral security for payment of promissory note,
   *held,* not shown on part of maker, where, as vice-president of
   corporation whose stock issue he had actively participated in
   floating, he had hitherto authorized having the shares charged
   to him.

Appeal from Genesee; Gadola (Paul V.), J. Sub-
mitted April 9, 1936. (Docket No. 49, Calendar
No. 38,850.) Decided June 4, 1936.

Assumpsit by Edward E. MacCrone and Charles J.
Collins, copartners doing business as E. E. Mac-
Crone & Company, against Rudolph Eckert on a
promissory note. Judgment for defendant. Plain-
tiffs appeal. Reversed and judgment ordered en-
tered for plaintiff.

*Carey, Armstrong, Weadock & Essery (Joseph J. Marshall, of counsel), for plaintiff.*

*Guy W. Selby, for defendant.*

WIEST, J. This is an action in assumpsit on a promissory note, given by defendant to plaintiffs. Defendant admits execution of the note but claims it was at the solicitation of plaintiff's local manager at Flint and upon a verbal agreement that he was not to be held to pay the same.

The issues were tried before the court without a jury and defendant adjudged not liable.

Plaintiffs review by appeal, contending, in substance, that the affirmative defense of want of consideration was not established and the alleged contemporaneous agreement that the defendant would incur no liability was inadmissible.

It appears that the Home Dairy Company, with home office at Flint, authorized a new issue of class A, preferred stock, amounting to 22,500 shares, and the American Industries Corporation, in which plaintiffs were interested, purchased for resale by plaintiffs, as brokers, the entire issue, paying therefor $554,625. Plaintiffs, as such brokers, allocated a part of the issue to their branch office in Flint, for sale by Mr. Lockwood, the local manager. Defendant was vice-president of the Home Dairy Company, resided at Flint, had in mind a further issue of company stock, if the issue then out was sold, and to that end furnished Mr. Lockwood a list of prospective purchasers, who, with one exception, took shares. One such, whom defendant had listed for 300 shares, refused to take them, and defendant claims that, thereupon, Mr. Lockwood came to him and said:

" 'I have sold all of this stock to the list of names you gave me. There are 300 shares this man refused

to take. I wish you would carry it until I can re-sell it, assume it until I can re-sell it.' So I assumed it; (if) it was not re-sold until March, he wanted a note. That is the only thing I agreed with Mr. Lockwood; I did not have any other agreement with him.''

Defendant also testified:

''I understood at that time he (Lockwood) had reported his issue was sold out, his allotment, yes. He said, 'I got this reported, 300 shares. Will you take it over and carry it until I can re-sell it?' * * * I told him I would assume (it) until he could sell it; that is right.''

This was in October, 1929. Mr. Lockwood could not remember the details but evidently made some report to plaintiffs. Defendant did not, except as stated, place any order for stock, nor were any shares sent to him.

December 17, 1929, plaintiffs wrote defendant that his account was ''long 300 shares of Home Dairy Class 'A' stock * * * and a balance due thereon of $8,700.'' Defendant replied:

''I would suggest that you get in touch with Mr. L. F. Lockwood of the E. E. MacCrone Company, Flint, and he will inform you that I was instrumental in selling about 3,500 shares of the stock in question to my friends and employees.

''During this transaction there were some cancellations made and some resold to others, and I am sure that these 300 shares were resold without proper cancellation. During the sale I, personally, did not place any orders nor have I had any confirmation on the deal.

''I regret that this irregularity exists on your books but I feel certain that Mr. Lockwood will clear it up to your entire satisfaction.''

Further correspondence passed between the parties, plaintiffs asserting and defendant, in substance,

denying liability. However, on April 11, 1930, defendant executed a note, payable to plaintiffs in 30 days. Defendant further testified that:

"Mr. Lockwood came and wanted to know if I would not assist him by having the records clean, giving him a note, and as soon as the stock would be sold, why, I would be eliminated, it would eliminate me. I did give him a note for 30 days, with the reservation that when the stock would be sold I would be cleared of that deal."

The reservation, if any, was oral.

Upon maturity of that note defendant paid the interest thereon and executed and delivered the note in suit. Defendant claims that the second note was subject to a verbal understanding he had with Mr. Lockwood that he .was to incur no liability. The note in suit was for $8,656.52, dated May 11, 1930, due in 60 days, recites value received, carried interest at six per cent. after maturity, pledged as collateral the 300 shares of Home Dairy stock and, in case of default, authorized public or private sale, with application of proceeds upon the obligation.

Plaintiffs' account books show dividends upon the stock pledged credited upon the note, also payment of $250.

Defendant admits that he paid the interest on the first note, but claims that he did so with the understanding that it was to be returned to him. His memory was hazy upon other payments, although he admits he might have made some, but claims he was to receive back whatever money he paid.

The matter ran along with further correspondence until August 1, 1933, when plaintiffs wrote defendant:

"We have not heard from you in response to our several letters and wish you would advise us when

you expect to start regular payments so that your account may become active.''

Defendant replied:

''In reply to your recent letters, I wish to state that my personal financial condition has not improved any, in fact it has suffered a set-back due to our local banking conditions.''

Thereupon plaintiffs sold the collateral securing the note, applied the proceeds against the balance due and brought this suit.

It is defendant's claim that, by parol agreement, the note was never to become a binding obligation and not that it was conditionally delivered to become binding upon the happening of a stated event.

The claim of unconditional nonliability violates the rule against varying a written instrument by oral testimony. It may be shown as between the original parties to a note that it was not to become a contract until the happening of an agreed event. *Taylor* v. *Rugenstein,* 245 Mich. 152. It may not be shown, however, even between the original parties, that a note was agreed, at inception, not ever to be a contract carrying any liability, *Anderson* v. *Engard,* 236 Mich. 221, where we said:

''While, as between the parties, the consideration of a note may be inquired into, parol testimony may not be received of a contemporaneous oral agreement varying the terms of the note.''

In the one instance there is a condition precedent which does not vary the contract, while in the other an assertion of no liability under any circumstances and, therefore, no obligatory contract.

The condition claimed by defendant was that the stock should be resold and his note returned. This negatived all liability *in præsenti* as well as upon the

happening of such a sale, for there was to be no liability before sale and none in case of sale.

The following from *Kulenkamp* v. *Groff,* 71 Mich. 675, 679 (1 L. R. A. 594, 15 Am. St. Rep. 283), is applicable to the case at bar:

"As before shown, there was no such fraud or illegality in the inception of this instrument as would vitiate it. Nor can it be claimed to have been delivered conditionally, or for a 'specified purpose only.' It was delivered under the promise that, although Groff had solemnly agreed in writing to pay it, he should not be holden upon it. This is the substance of the whole matter. There was no condition attached to the delivery except this, that the oral agreement not to pay should supersede and control the written contract to pay. If this defense can be allowed, then, as before said, in speaking of the claim of fraud, every promissory note, as between the immediate parties thereto, and every contract in writing, is open to parol proof that it does not correctly represent the agreement made, and oral evidence may be given to contradict, alter, or vary such written agreement.

"This is not the law in this State."

Citing many cases, to which later ones of like effect might be added.

In the case at bar defendant's testimony precluded invocation of the rule relative to delivery in disregard of a condition precedent for he asserted an unconditional agreement of no liability, present or future.

Defendant actively participated in flotation of the shares of stock allocated to Mr. Lockwood for placement and, to help Mr. Lockwood, who had evidently reported the sale of the 300 shares in accord with defendant's listing, agreed to have the shares charged to him and later, in his note, pledged the shares in

the hands of the payee as collateral security. There was consideration and no failure thereof by nondelivery of the shares he so pledged.

Plaintiffs are entitled to have judgment, and the judgment in favor of defendant is reversed and the case remanded to the circuit court to enter judgment in accord with this opinion.

Plaintiffs will recover costs.

North, C. J., and Fead, Butzel, Bushnell, Edward M. Sharpe, and Toy, JJ., concurred. Potter, J. took no part in this decision.