NIMMO v. SUPERNAW.

1. EVIDENCE—PAROL EVIDENCE—CONSIDERATION—VARYING WRITTEN INSTRUMENT—BILLS AND NOTES.

While, as between the parties, the consideration of a note may be inquired into, parol testimony may not be received of a contemporaneous oral agreement varying the terms of a note.

2. BILLS AND NOTES—INDORSERS—CONTEMPORANEOUS ORAL AGREEMENT.

Indorser who guaranteed payment of promissory note held, liable thereon in action of assumpsit by receiver of payee bank notwithstanding alleged contemporaneous oral agreement that as soon as makers gave mortgage to payee on certain real estate for purchase of which loan was made, indorser was to be released and such mortgage was given.

3. SAME—PAYMENT—MORTGAGES—DISMISSAL OF ACTION—PARTIES.

    In action against makers and indorser of a promissory note, payment thereof, so far as liability of indorser is concerned, *held*, not effected by the giving of a mortgage by makers in an amount greater than indebtedness represented by note when action by bank against makers only on their entire indebtedness to bank, including note in question, was dismissed without a hearing on the merits, and bank continued to hold note involved herein.

4. PAYMENT—DISMISSAL OF ACTION—BILLS AND NOTES.

    Instituting action by creditor for debtor's entire debt and dismissal of such action prior to judgment *held*, not to satisfy or discharge obligation of indorser of promissory note representing a portion of such debt.

Appeal from Grand Traverse; Gilbert (Parm C.), J. Submitted January 12, 1937. (Docket No. 87, Calendar No. 39,318.) Decided March 1, 1937.

Assumpsit by George D. Nimmo, receiver of the Peoples State Savings Bank of East Jordan, Michigan, against Richard C. Supernaw and wife and Rosco Mackey on a promissory note. Defendants Supernaw defaulted. Judgment for defendant Mackey. Plaintiff appeals. Reversed.

*Clink & Reuling,* for plaintiff.

*M. Thomas Ward,* for defendant.

NORTH, J. In this suit tried without a jury, plaintiff seeks recovery on a promissory note signed by defendants Supernaw and indorsed by defendant Mackey. The former made no defense, and as to defendant Mackey the circuit judge rendered a judgment of no cause for action. From this judgment plaintiff has appealed.

Plaintiff is the receiver of the Peoples State Savings Bank of East Jordan, a Michigan banking corporation. Both Mr. Supernaw and Mr. Mackey were stockholders in the bank and the latter was a director. In 1928, Supernaw desired to secure a loan of $6,000 with which to purchase Florida real estate. The bank made the loan and took three notes, one for $2,000 without indorsement or security, one for $1,000 secured by four life insurance policies, and one for $3,000 indorsed by defendant Mackey. A renewal of this last note in the amount of $3,210 indorsed by defendant Mackey is the note in suit.

The defense urged is that at the time the loan was originally made it was orally agreed Mackey's indorsement was to secure the obligation only temporarily and until Supernaw could give a mortgage on the Florida property by which the bank would be secured or with the proceeds of which the note would be paid. The indebtedness was not paid and in 1932 a suit was started by the bank against Mr. and Mrs. Supernaw, but Mr. Mackey was not made a party defendant. Later in 1932 Mr. and Mrs. Supernaw gave the bank a mortgage on the Florida property for $5,450, which included the amount of the note indorsed by appellee. Upon the giving of this mortgage the suit was dismissed. Appellee claims that the giving of this mortgage was a full performance of the condition which it was agreed would terminate his liability as an indorser. We quote from the affirmative portion of Mr. Mackey's answer to the declaration. He alleges:

"That said note is fully paid as far as this defendant Rosco Mackey is concerned because of the agreement made by the said parties to the note which induced the defendant to indorse said note, which said agreement was fulfilled."

The trial court found that the testimony established appellee's claim and rendered a judgment in his favor.

The first contention presented by appellant is that all of the testimony tending to establish the oral agreement alleged to have been entered into at the time the original $3,000 note was given and by which appellee claims the terms of the note were changed, was inadmissible. This point was raised by timely objections in the trial court but such objections were overruled. If appellant's contention is sound the judgment must be reversed, otherwise affirmed. The rule that the terms of a promissory note may not be changed by proof of a varying contemporaneous agreement has been definitely stated by this court:

"While, as between the parties, the consideration of a note may be inquired into, parol testimony may not be received of a contemporaneous oral agreement varying the terms of the note." *Anderson* v. *Engard,* 236 Mich. 221.

"The court erred in allowing the defendants below to give evidence of an unwritten agreement made at the very time of the indorsement, for the purpose of changing its legal import and converting it into an undertaking subject to conditions resting on extrinsic matters, and containing terms depending upon the uncertain recollection of the parties." *Ortmann* v. *Canadian Bank of Commerce,* 39 Mich. 518.

See, also, *Kulenkamp* v. *Groff,* 71 Mich. 675 (1 L. R. A. 594, 15 Am. St. Rep. 283) ; *Palmer National Bank* v. *VanDoren,* 260 Mich. 310; *MacCrone* v. *Eckert,* 275 Mich. 683.

It is impossible to escape the conclusion that the testimony offered to show a contemporaneous oral agreement clearly changed the terms of the indorse-

ment as written. The note in suit was an unconditional promise to pay the bank $3,210 on June 25, 1931. Appellee's indorsement reads:

"I guarantee payment of the within note."

But the alleged oral agreement would necessarily add to appellee's guarantee of payment something like the following:

"Provided that my obligation will be satisfied if and when the makers of this note give the bank a real estate mortgage securing its payment."

The purpose of the rule under consideration is to render certain the rights of parties to a contract which has been reduced to writing. Except there is adherence to this rule the purpose of formulating and executing written instruments will be largely defeated. In this suit at law the rule contended for by appellant must be applied. Had it been applied in the circuit court plaintiff would have recovered judgment for the amount of the note.

We have noted above that in 1932 the bank instituted suit against Mr. and Mrs. Supernaw on their indebtedness to the bank, which included the note indorsed by Mr. Mackey, and that Mr. Mackey was not made a party defendant. This suit was dismissed by plaintiff without a hearing on the merits. We are not in accord with appellee's contention that this court proceeding or the simultaneous act of the bank in taking a mortgage on the Florida property constituted payment of the note in suit. The bank continued to hold the note bearing appellee's indorsement. Instituting suit which was dismissed by plaintiff before being prosecuted to judgment did not satisfy or discharge this outstanding note.

The case will be remanded to the circuit court with direction to vacate the judgment entered and that one be entered in favor of plaintiff in accordance herewith. Costs to appellant.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.