BICKNELL *v.* VAN HELLEN.

1. EVIDENCE—BILLS AND NOTES—CONSIDERATION—PAROL EVIDENCE —CONTEMPORANEOUS ORAL AGREEMENT VARYING TERMS.
   While it is always proper between parties to a note to inquire into the consideration therefor, parol testimony may not be received of a contemporaneous oral agreement varying the terms of the note.

2. BILLS AND NOTES—PAROL EVIDENCE—ORAL AGREEMENT TO PAY NOTES FROM PROFITS ONLY.
   Claim of obligors on note given bank for purchase of business which bank had theretofore operated that note would never be enforced but would be paid out of the profits of the corporation they had organized to manage the business *held*, without merit in view of the fact that the bank exacted a guaranty on the note and the parol evidence rule against varying the terms of a written contract by a contemporaneous oral agreement.

3. SAME—CONSIDERATION—EVIDENCE.
   In action on renewal note, evidence showed consideration had been given for original note.

4. Same—Set-Off—Evidence.

In action on note against the officers of a corporation which had purchased a paper company as a going concern from a bank, claim that there was a small balance in the bank at the time it failed and that the bank had not accounted for some of the book accounts of the old going concern did not entitle defendants to credits claimed where record fails to show any irregularity and proof is inadequate.

5. Sales—Going Concern—Poor Merchandise—Evidence.

Claim of bad condition of some merchandise belonging to paper company purchased by defendants as a going concern from a bank is not recognized as entitling defendants to relief where record in action brought several years thereafter on renewal note does not show the extent of such inferior or worthless goods and defendants have slept on their rights too long.

Appeal from Saginaw; O'Neill (James E.), J. Submitted April 14, 1942. (Docket No. 55, Calendar No. 41,960.) Decided May 18, 1942.

Assumpsit commenced on July 15, 1937, by Donald Bicknell, receiver of the Bank of Saginaw, against Russell C. Van Hellen, Nelson Sturdevant, Frank W. Hyer, W. R. Houser, A. S. Johnson, J. B. Houglid, and David R. Anderson to recover sums due on a promissory note. Judgment for plaintiff. Defendants Sturdevant, Houser, Johnson, and Anderson appeal. Affirmed.

*Donald W. Gilbert,* for plaintiff.

*Brownell & Gault* and *Guy W. Selby,* for defendants.

Butzel, J. The receiver of the Bank of Saginaw brought suit against defendants, claiming Russell C. Van Hellen was liable on a renewal note for

$14,822 given to the bank and the others were also liable because on May 1, 1930, they jointly and severally guaranteed the payment of the original Van Hellen note of like amount, and renewals thereof. The note on which suit is brought is the ninth renewal of the note given at the time the guaranty was given. The judge correctly decided the simple questions involved in the case and entered judgment for the full amount claimed with interest against those defendants upon whom service had been made. A brief history of the transactions is as follows.

The bank through legal proceedings became the owner of the business of the Sears Paper Company and for seven or eight months operated the business under the name of the Barrett Paper Company. The bank, as owner of all of the assets, both real and personal, of the business, sold them and the business as a going concern to the Saginaw Wholesale Supply Company, a corporation in which Van Hellen and the other defendants became the stockholders. As the defendants did not have the money necessary to pay for their respective shares, the bank took the note of Van Hellen with the guaranty of the other defendants and the latter's notes in payment. Stock in due time was issued to defendants. Both defendants Houser and Sturdevant over objection and in a segregated record testified that they gave the notes and executed the guaranty upon the distinct promise and agreement that the notes would never be enforced but would be paid out of the profits of the corporation; that the defendants were only to furnish the management of the business; they were told there was no obligation to pay the notes; that the transaction was carried out in the manner indicated so as to keep the bank's records clear.

We find no merit whatsoever to defendants' claims. They rely on ·a line of cases where it was shown that the obligations were either not delivered or else were not to become effective until the happening of certain events. That is far different from a claim that there was really no personal obligation to pay the notes. Defendants' claim, bluntly stated, is that if the business proved profitable, they would win; if unprofitable, they would not lose. The very fact that the bank exacted a guaranty on the Van Hellen note indicates somewhat that the bank wanted something substantial. The general rule that parol testimony cannot be introduced to vary written instruments was recognized by the trial judge. In *Anderson* v. *Engard,* 236 Mich. 221, it was claimed that there was a contemporaneous oral agreement that the note was not to be paid in accordance with its terms, but only from dividends. We held that the testimony to that effect should not have been received and a verdict for plaintiff should have been directed. While it is always proper between parties to inquire into the consideration of the note, parol testimony may not be received of a contemporaneous oral agree ment varying the terms of the note. *Nimmo* v. *Supernaw,* 279 Mich. 126. Also, see *Palmer National Bank* v. *Van Doren,* 260 Mich. 310; *MacCrone* v. *Eckert,* 275 Mich. 683. We find that there was consideration given for the note. The renewal thereof shows that the stock certificate signed by Sturdevant as president of the company, and issued to Van Hellen, was indorsed in blank by him and held by the bank as collateral.

Subsequently, the Saginaw Wholesale Supply Company borrowed $25,000 of the bank on a mortgage. Later the Wholesale Supply Company went into bankruptcy and its assets were turned over to

the bank in satisfaction of the mortgage. The title of the real estate vested in the bank from then on.

Appellants make the claim but offer no adequate proof that the paper company had a small balance in the bank at the time it failed, and that it did not account for some of the book accounts of the old Barrett Paper Company. The record does not show any irregularity or that the defendants were entitled to any credits claimed.

There is also some claim that some of the paint belonging to the assets turned over to the Saginaw Wholesale Supply Company was in bad condition on account of age. The record does not show the extent of such inferior or worthless goods. The manufacturers made allowances in certain cases and in others they did not. If defendants or the corporation were ever entitled to any relief from the bank and if the claims were well founded, they slept on their rights too long. They only make indefinite statements now. Defendants' testimony did show that for a short period after they bought the business in 1930, the business was profitable, but then when things became "depressed," the sales "slowed up." The company was organized April 13, 1929, shortly before the depression began. It was an unfortunate time for defendants but that does not excuse them from their obligation.

Judgment affirmed, with costs.

CHANDLER, C. J., and BOYLES, NORTH, STARR, WIEST, BUSHNELL, and SHARPE, JJ., concurred.