## GOTTESMAN *v.* RHEINFRANK.

1. BILLS AND NOTES—FAILURE OF CONSIDERATION—BURDEN OF PROOF.
   Since a negotiable promissory note imports consideration, the burden of proceeding with the evidence showing failure of consideration rests with the maker (2 Comp. Laws 1929, § 9273).

2. SAME—CONSIDERATION—FINDING OF COURT—EVIDENCE.
   In transferee's action on a negotiable promissory note for balance due thereunder, evidence supported finding of trial court that part of the consideration therefor was the payee's promise to remedy defects existing in a house, notwithstanding fact that a preexisting debt constituted sufficient consideration for note.

3. SAME—FAILURE OF CONSIDERATION.
   A failure of consideration for a negotiable promissory note resulted where at least a part of the consideration for the note was the payee's promise to remedy defects in a house and defects were not remedied.

4. SAME—FAILURE OF CONSIDERATION—PAROL EVIDENCE.
   Failure of consideration for a negotiable promissory note is always subject to proof by parol except as to *bona fide* holders.

5. SAME—PAROL EVIDENCE—VARYING TERMS OF NOTE.
   Parol evidence would not be admissible to vary the terms of a negotiable promissory note.

6. SAME—INSTALMENT PAYMENTS—ANTICIPATORY BREACH—PAROL EVIDENCE.
   In transferee's action on negotiable promissory note payable in monthly instalments, where part of consideration was payee's promise to remedy defects in a house, parol evidence of payee's failure to remedy defects was admissible even though his failure might be said to be a contingency relieving maker from obligation of continuing with the payments when it became apparent payee was going to breach his agreement.

7. SAME—RECOUPMENT FOR BREACH OF PAYEE'S AGREEMENT.
   Even though payee's promise to remedy defects in house may not have been a part of the consideration for which negotiable promissory note was given, the agreement and breach

thereof could be shown by way of recoupment in a suit upon the instrument between the original parties.

8. SAME — INSTALMENT PAYMENT — NOTICE OF INFIRMITY—PURCHASER IN GOOD FAITH.

Notice of infirmity in negotiable promissory note, · payable in monthly instalments, was sufficient to charge transferee thereof so as to operate upwards of two months later and render him not a purchaser in good faith notwithstanding payments were made thereon in the interim, especially where notice given included statement that if note were transferred, maker would not make payments to transferee in view of failure of . payee to keep his promise to remedy defects in house purchased from him by maker.

9. SAME—PURCHASER IN GOOD FAITH—EVIDENCE—FINDING OF COURT.

In transferee's action on a negotiable promissory note wherein testimony was in dispute as to whether transferee took same without notice of infirmities, record in trial without a jury *held*, to present no reason for disturbing trial court's finding . that plaintiff was not a purchaser in good faith.

10. CONTRACTS — BUILDINGS — DEFECTS — OCCUPANCY — WAIVER— PAROL AGREEMENT.

Fact that written agreement relative to construction of house provided that occupancy thereof or completing payments in accordance therewith would be considered satisfactory acceptance of same except as to any items that might be agreed upon in writing and that purchaser occupied house would not waive his right to raise objections as to manner in which work was done nor prevent the parties from entering into a separate parol agreement at time of occupancy concerning defects.

11. BILLS AND NOTES—FAILURE OF CONSIDERATION—EVIDENCE.

In transferee's action on negotiable promissory note wherein evidence shows cost of making repairs which payee had agreed to, but did not, make, exceeded balance due on note and such promise was at least a part of the consideration for it, there was a failure of consideration.

Appeal from Wayne; Miller (Guy A.), J. Submitted April 7, 1942. (Docket No. 14, Calendar No. 41,817.) Decided October 8, 1942.

Assumpsit by William Gottesman, doing business as Monica Plumbing & Heating Company, against

Frederick P. Rheinfrank and Alva Rheinfrank, his wife, and Frank J. Stowe and Doreen Stowe, his wife, for sums due on a promissory note. Cause discontinued as to defendants Alva Rheinfrank and Doreen Stowe. Default judgment taken as to defendant Frank J. Stowe. Judgment for defendant Frederick P. Rheinfrank. Plaintiff appeals. Affirmed.

*Oscar A. Gorelick* (*Joseph B. Beckenstein,* of counsel), for plaintiff.

*Cay A. Newhouse,* for defendant.

CHANDLER, C. J. This suit was instituted by plaintiff to recover on a promissory note, dated May 6, 1939, executed by defendant Frederick P. Rheinfrank and his wife, Alva, payable to Frank J. Stowe and Doreen Stowe, his wife. Alva Rheinfrank and Doreen Stowe were originally made parties to the suit but it was later discontinued as to them for lack of service of process. Judgment by default was entered against defendant Frank Stowe and herein, except as otherwise indicated, we refer to Rheinfrank as the defendant.

It appears that defendant Stowe, a building contractor, entered into a contract with defendant Rheinfrank to build the latter a home, the contract price of which was $8,000, $1,800 thereof being paid upon execution of the contract, and the remaining $6,200 to be payable "when house is ready for occupancy." Upon completion of the building, the balance of said contract price was paid, with the exception of $1,045 which obligation became evidenced by the note in suit, secured by a second mortgage on the property.

The note was in negotiable form and provided that the same should be paid in full within one year

from date in monthly instalments of $80 each, commencing on June 1, 1939. Five payments at different dates were made on the obligation, the last being made on October 1, 1939.

Plaintiff is engaged in the plumbing contracting business and defendant Stowe was indebted to him for work he had performed. Plaintiff agreed to give Stowe a waiver of lien in connection with certain property, and in turn the note in suit was assigned to him on or about October 23, 1939.

Defendant gave notice of certain special defenses, the most important of which asserted a claim for damages by way of recoupment because the house erected by Stowe was constructed of cheap and inferior materials and in a defective manner.

Upon the trial, defendant Rheinfrank was permitted to give testimony which established that at the time he executed and delivered the note to Stowe, the latter orally agreed to remedy the defects existing in the house. His testimony as to the existence of such defects being undisputed, the trial court found that there had been a failure of consideration, that plaintiff was not a holder in due course, and entered a judgment of no cause of action for defendant.

The record is unsatisfactory in respect to the circumstances surrounding the execution of the note. The building contract called for the payment of the balance of $6,200 "when house is ready for occupancy." The record supports the inference that when the house was completed defendant refinanced the contract balance by borrowing a portion thereof from a mortgage company, securing the sum so borrowed by a first mortgage on the premises, and executing the note in question to Stowe, secured by a second mortgage. Whether there was a failure

of consideration, as found by the trial court, would depend upon what the actual consideration was for which the note was given. The note itself imported a consideration* and if there was failure thereof, as claimed by defendant, the burden of proceeding with the evidence on this subject rested upon him. *Steep v. Harpham,* 241 Mich. 652. See, also, *Collateral Liquidation, Inc.,* v. *Manning,* 287 Mich. 568.

When the note was executed, the house was completed, ready for occupancy and the contract balance due. This balance was refinanced in part by the execution and delivery of the note in question, and although the pre-existing indebtedness would be sufficient consideration to support the instrument (*Traverse City Depositors' Corp.* v. *Case,* 297 Mich. 304), the record supports the finding that additional consideration therefor was the promise of Stowe to remedy the defects existing in the house. Defendant testified, without contradiction, as follows:

"The total contract price in the contract with Mr. Stowe was $8,000 and he has received payment for that, except for the balance on this note, $695. I found certain things wrong before I moved in. I instructed him about it, and had to go to his attorney with Gene, and it was agreed right there that all those things would be taken care of.

"*Q.* At the time you issued the note?

"*A.* That is the time I signed that note, yes. It was brought right up there. * * *

"*Q.* You made some payment on this original note, did you not?

"*A.* Oh, yes.

"*Q.* That is, to Stowe?

"*A.* To Stowe, yes.

"*Q.* Under what condition did you make these payments?

---

* See 2 Comp. Laws 1929, § 9273 (Stat. Ann. § 19.66).—REPORTER.

"*A*. The condition was that they would finish up the jobs."

It is undisputed that Stowe did not remedy the defects, and a failure of consideration thereby occurred.

Plaintiff contends that parol evidence of Stowe's agreement to make the repairs and his failure to do so was inadmissible, citing, among other cases, *Phelps* v. *Abbott,* 114 Mich. 88; *MacCrone* v. *Eckert,* 275 Mich. 683. The evidence offered in this case went to the element of consideration, a failure thereof always being subject to proof by parol, except as to *bona fide* holders. *Maltz* v. *Fletcher,* 52 Mich. 484; *Kulenkamp* v. *Groff,* 71 Mich. 675 (1 L. R. A. 594, 15 Am. St. Rep. 283); *Nimmo* v. *Supernaw,* 279 Mich. 126. It is unlike the case where the evidence tends to vary or qualify the terms of the instrument sued upon. Plaintiff apparently takes the position that because payments were made the facts present a case involving an instrument payable absolutely on its face, subject, however, to being defeated by a condition subsequent. Such facts, of course, would not be subject to parol proof (*MacCrone* v. *Eckert, supra*) as such would be an attempt to vary the terms of the instrument. That is not the case under consideration. The note was absolute on its face, and the parol proof established an agreement, as part of the consideration therefor, that Stowe was to make certain repairs, which agreement he had not performed. This evidence was admissible even though Stowe's failure might be said to be a contingency relieving defendant from the obligation of continuing with the payments when it became apparent that Stowe was going to breach his agreement. And further, even though it be said that Stowe's promise was not a part of the consideration for the note,

the agreement and breach thereof could be shown by way of recoupment in a suit upon the instrument between the original parties. See *Clare County Savings Bank* v. *Featherly,* 173 Mich. 292.

Plaintiff claims, however, that he is a holder in due course without notice of the defenses that were raised by defendant. On this point defendant testified that early in August, 1939, someone from the Monica Plumbing & Heating Company called him by telephone and made inquiry concerning the note and that in reply he informed the company he would make no more payments until such time as the repairs had been made by Stowe in pursuance of his agreement. Plaintiff contends that even though this information could charge him with knowledge of an infirmity in the instrument at that time, it could not so operate on October 23, 1939, when the note was assigned to him, in view of the payments made thereon in the meantime and that because of such payments he had a right to assume that the repairs had been made. However, defendant, in giving further testimony concerning the telephone conversation, stated that he at that time informed the plumbing company that it had been agreed between himself and Stowe in the first instance that the note was not to be transferred, and that if it was he would make no payments to the transferee in view of the work that was yet to be done. If such a conversation took place it was sufficient to charge plaintiff with notice of the defense to the note, and he was not free to assume the repairs had been made at the time of the transfer merely because of the payments made in the meantime. The telephone conversation was denied by plaintiff but found by the trial court to have taken place. Whether or not the conversation occurred as defendant claimed was a disputed question of fact, resolved in favor of defendant, and a review

of the record presents no reason for disturbing the finding of the trial court thereon. Plaintiff was not a purchaser in good faith.

The construction agreement between defendant and Stowe provided:

"Occupancy of house or completing payments as specified above will be considered satisfactory acceptance of same except as to any items that may be agreed upon in writing."

Plaintiff claims that because defendant occupied the house he thereby waived his right to raise any objections to the manner in which the work was done, there being no written agreement relating to the terms in question. The foregoing quoted provision, in our opinion, did not prevent the parties from entering into a separate parol agreement, independent of the original contract, at the time of occupancy concerning the defects. That such an agreement was made is undisputed and defendant is entitled to assert his rights thereunder.

The testimony of an experienced contractor and builder, called as a witness on behalf of defendant, reveals that the cost of making the repairs and replacements necessary to complete the structure would be in excess of the amount unpaid on the note in suit. It thus appears that there has been a total failure of consideration.

The judgment is affirmed, with costs to defendant.

BOYLES, NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.